PEARSON, Judge.
Donald Wagner and Highlands Insurance Company were defendants in the trial court to a personal injury action in which the appellees Elizabeth M. Wagner and Stanley Wagner were the plaintiffs. The trial court entered a summary judgment on liability and the defendants appealed. Thereafter, pending the appeal, the cause was tried before a jury and the plaintiffs received jury verdicts of $115,000 for Elizabeth M. Wagner and $15,000 for Stanley Wagner, her husband. The defendants filed a motion for new trial and a motion for remitti-tur, which were denied, with a final judgment entered upon the jury verdict, in violation of Florida Appellate Rule 9.130(f).[1] The defendants filed a notice of appeal from the final judgment, and this appeal was consolidated with the prior appeal from the summary judgment on liability.
The defendants have presented four points in these consolidated appeals: (1) error is urged in the entry of the summary judgment on liability on the ground that there was a genuine issue of material fact concerning comparative negligence, (2) error is urged in the court’s instructions to the jury, (3) error is urged in the court’s *512 refusal to enter a remittitur on the ground that the amount of the verdict was so excessive as to shock the conscience of the court, and (4) error is urged in the court’s violation of Florida Appellate Rule 9.130(f), cited above.
The first point claims that there was an issue of the proximate cause of the injuries in that under the undisputed facts presented to the trial court, the injured plaintiff may have been comparatively negligent. We find no error under this point and rely upon the statement of the District Court of Appeal, First District, in Thompson v. Jacob, 314 So.2d 797, 800 (Fla. 1st DCA 1975), where the court stated:

“The reasonable person rather than the perfect person is still the standard for determining what acts or omissions of a party will be found to constitute negligence and the definition of that term had not been altered by the comparative negligence doctrine.”
While the defendants, as non-moving parties below, were entitled to every reasonable-inference from the evidence, we fail to find facts in this record upon which a jury of reasonable persons could find that the plaintiff contributed to her own injuries. Cf. Berlin v. Southgate Corp., 142 So.2d 362 (Fla. 3d DCA 1962).
The defendants’ second point, directed to the jury instruction, fails to show error or prejudice as the instruction complained of was clearly applicable to the cause.
On the third point, the defendants concede that in order to disturb the judgment on the ground that it is excessive, they must show that such a verdict is based on passion and prejudice. See Walker v. City of Miami, 337 So.2d 1002 (Fla. 3d DCA 1976). The defendants fail to point to anything during the conduct of this trial which could have induced an excessive verdict. It is simply the defendants’ opinion that the amount is excessive because of the amount of suffering and the extent of the injury. This is not sufficient for reversal and we cannot see that the defendants have demonstrated that the conscience of the trial judge, who heard all of the evidence, should have been shocked by the amount of the verdict.
The last point, directed to the entry of a final judgment while the summary judgment on liability was on appeal, has merit. See De La Portilla v. De La Portilla, 304 So.2d 116 (Fla.1974). Inasmuch as the trial court directly violated the rule as provided for such situations, we vacate the judgment entered and direct the entry of a new judgment upon the jury verdict. This judgment shall be dated and become effective on the date- of its entry.
The final judgment appealed is vacated with directions to enter another final judgment for the plaintiffs on the jury verdict.

. “RULE 9.130. Proceedings to Review Non-Final Orders

“(f) Stay of Proceedings. In the absence of a stay, during the pendency of a review of a non-final order, the lower tribunal may proceed with all matters, including trial or final hearing; provided that the lower tribunal may not render a fínal order disposing of the cause pending such review." [Emphasis added]