385 So.2d 740 (1980)
J.R. CARTER and Conch Country Real Estate, Inc., Jointly and Severally, Appellants,
v.
Terry B. DORMAN and Canama Realty, Inc., f/k/a Canadian American Realty, Inc., Appellees.
No. 80-723.
District Court of Appeal of Florida, Third District.
July 15, 1980.
Wright & Silverio and Mark V. Silverio, Miami, for appellants.
Tittle & Tittle and Karl Beckmeyer, Taverniar, for appellees.
*741 Before HENDRY, HUBBART and DANIEL S. PEARSON, JJ.
PER CURIAM.
The order under review, denying a motion to set aside a final judgment under Fla.R.Civ.P. 1.540(b)(4), is reversed and the cause is remanded to the trial court with directions to set aside the said final judgment and to enter a new final judgment based on the jury verdict previously rendered herein upon a holding that (a) the original judgment was entered without jurisdiction while an appeal from a nonfinal trial court order was pending in this court, De La Portilla v. De La Portilla, 304 So.2d 116 (Fla. 1974); Crichlow v. Equitable Life Assurance Society, 113 Fla. 668, 152 So. 849 (1933); Fla.R.App.P. 9.130(f); (b) this result is not changed by the fact that the above-stated interlocutory appeal was subsequently dismissed for lack of jurisdiction, Carter v. Dorman, 381 So.2d 778 (Fla. 3d DCA 1980), as this court still had jurisdiction to determine whether it had jurisdiction over the subject appeal which thereby deprived the trial court of jurisdiction to dispose finally of the cause during the pendency of said appeal, Sun Insurance Co. v. Boyd, 105 So.2d 574, 575 (Fla. 1958); State ex rel. B.F. Goodrich Co. v. Trammell, 140 Fla. 500, 192 So. 175 (1939) (court syllabus no. 6); and (c) the trial court now has jurisdiction to enter a new final judgment based upon the jury verdict previously rendered in this cause. Wagner v. Wagner, 372 So.2d 510, 512 (Fla. 3d DCA 1979).
Reversed and remanded.