423 So.2d 543 (1982)
William Boone DARDEN, Chief of Police, City of Riviera Beach; William Wilkins, City Manager, City of Riviera Beach; and City of Riviera Beach, Petitioners,
v.
POLICE AND FIRE CIVIL SERVICE BOARD, CITY OF RIVIERA BEACH, Constituted by Its Members, Japeth Bowman, James Andrews, Rude Jackson, Vincent Goodman, Edward Crowley, Richard Lyles, James Fitzgerald and Lenny Cottrell, As Alternate, Respondents.
No. 82-257.
District Court of Appeal of Florida, Fourth District.
December 15, 1982.
Allan V. Everard, Riviera Beach, and Michael B. Davis of Walton, Lantaff, Schroeder & Carson, West Palm Beach, for petitioners.
No appearance on behalf of respondents.
PER CURIAM.
Petitioners, who were defendants in the trial court, seek a writ of certiorari directed to the trial court's order denying their motion for summary judgment, which they sought upon the ground that the respondent board lacked capacity to sue. The petition must be denied because of the procedural posture in which petitioners are placed. On January 4, 1982, when petitioners filed a notice of appeal from the trial court's order denying their motion to dissolve the temporary injunction, petitioners divested the trial court of jurisdiction to enter a final order disposing of the cause. Fla.R.App.P. 9.130(f)[1]; Carter v. Dorman, 385 So.2d 740 (Fla. 3d DCA 1980). A summary judgment concluding that the respondent board lacked capacity to sue would have illustrated such an order. Therefore, it cannot stand.[2]
The appendix reflects that the trial court's order denying summary judgment was entered on January 8, 1982, four days after the filing of the appeal. At that time, *544 the trial court was without jurisdiction to enter summary judgment in favor of petitioners. For this reason alone, the order denying petitioners' motion for summary judgment does not constitute a departure from the essential requirements of law.
DOWNEY, GLICKSTEIN and DELL, JJ., concur.
NOTES
[1] Florida Rule of Appellate Procedure 9.130(f) provides:

Stay of Proceedings. In the absence of a stay, during the pendency of a review of a non-final order, the lower tribunal may proceed with all matters, including trial or final hearing; provided that the lower tribunal may not render a final order disposing of the cause pending such review.
[2] A similar situation occurred in Zuckerman-Vernon Corp. v. Zelikoff, 323 So.2d 585 (Fla. 3d DCA 1975), which was decided prior to the adoption of present Rule 9.130(f), but the principle recited therein is still applicable. While an interlocutory appeal was pending upon the severance of the third party complaint, the trial court entered summary judgment upon the issue of liability in favor of the plaintiff against the initial defendant. The District Court of Appeal reversed the summary judgment, without prejudice to the renewal of the motion, when all parties were properly before the court.