GLICKSTEIN, Judge.
On July 2, 1981, the Police and Fire Civil Service Board of Riviera Beach, appellee herein, filed a Petition for Enforcement, pursuant to section 120.69, Florida Statutes (1981) against the city, as well as the city manager and chief of police, all of whom promptly filed an answer, including an affirmative defense based on the board’s lack of capacity to sue. Notwithstanding a stipulated order, dated August 13, 1981, which recited the petitioner was not properly designated in the caption of the pleadings, a first amended complaint was filed in the identical style, including mention in the body that it was constituted of named members, many of whom signed it. The “petitioner/plaintiff” now alleged that its members’ terms expired in 1984; but that the city had passed an ordinance which terminated their terms in August, 1981. It asked the trial court to declare the ordinance unconstitutional. On August 14, 1981, the board filed an amended motion for emergency temporary injunctive relief; and the hearing was held thereon four days later. Although the city had earlier raised the issue of capacity to sue, adequately or otherwise,[1] at the hearing on the board’s motion the two attorneys who were representing the city said nothing about it. The following day the trial court entered an order, granting a temporary injunction and determining the ordinance to be unconstitutional.
On September 17, 1981, the original defendants filed a notice of interlocutory appeal from the trial court’s order; but on October 16, 1981, they filed a notice of dismissal. Subsequently, they moved to dissolve the temporary injunction and sought to argue at the hearing all of the matters that could have been presented to the trial court at the hearing on the board’s earlier motion or to this court in the interlocutory appeal which was dismissed. The trial court denied the motion. We affirm.[2]
On remand the trial court should consider the adequacy of the pleadings as to the issue of capacity; and if properly raised, make a determination of that issue. In the event capacity is then found to exist, the matter should proceed to final hearing on the merits.
DOWNEY and DELL, JJ., concur.

. In Keehn v. Mackey & Co., 420 So.2d 398 (Fla. 4th DCA, 1982) we discuss the concept of capacity to sue and the procedures governing the issue thereof.

. We have today also denied appellants’ petition for writ of certiorari, in Darden, et al. v. Police and Fire Civil Service Board, 423 So.2d 543 (Fla. 4th DCA 1982).