572 So.2d 4 (1990)
CONNOR REALTY, INC., Ocean Terrace Corp., et al., Appellants/Cross-Appellees,
v.
OCEAN TERRACE NORTH CONDOMINIUM ASSOCIATION, Appellee/Cross-Appellant.
Nos. 88-2636, 88-3044.
District Court of Appeal of Florida, Fourth District.
November 28, 1990.
Rehearing Denied January 25, 1991.
Hubert & Tompkins and Harry G. Carratt of Morgan, Carratt and O'Connor, P.A., Fort Lauderdale, for appellants-Connor Realty, Inc., Ocean Terrace Corp., Dave Terrace Corp., et al.
Spencer Sachs, Louise E. Tudzarov and Judith R. Karp of Sachs & Sax, P.A., Boca Raton, for appellee-Ocean Terrace North Condominium Ass'n, Inc.
John J. Hoy of Davis, Hoy & Diamond, P.A., West Palm Beach, for appellees/cross-appellants-Richard D'Arata, William Grier, Jim Carney, Ted Talon and Dean Vanalderwerelt.
PER CURIAM.
Only one point on appeal has merit. The trial court erroneously entered final judgments and subsequent orders during the pendency of an interlocutory appeal in this court. Florida Rule of Appellate Procedure 9.130(f) clearly states, and the case law holds, that a trial court may proceed in a cause pending a non-final appeal and dispose of any matter not in form or effect interfering with the power and authority of the appellate court to make its jurisdiction effective, but the trial court may do so only short of final disposition. E.g., M.A. Feldman & Company, Inc. v. Cohen, 537 So.2d 720 (Fla. 4th DCA 1989); A.B.T. Corp., Inc. v. City of Fort Lauderdale, 533 So.2d 1208 (Fla. 4th DCA 1988); Hirschorn v. Superior Realty of Florida, 450 So.2d 510 (Fla. DCA 1984); Darden v. Police and Fire Civ. Service Bd., City of Riviera Beach, 423 So.2d 543 (Fla. 4th DCA 1982); Esposito v. Horning, 416 So.2d 896 (Fla. 4th DCA 1982).
The final judgment and subsequent orders were entered without jurisdiction and they are a nullity. Accordingly, we reverse the final judgments and subsequent orders and remand for further proceedings. However, the reversal is without prejudice to the reinstatement of final judgments and subsequent orders since the interlocutory appeal has now been concluded.
REVERSED AND REMANDED.
HERSEY, C.J., and WALDEN and GARRETT, JJ., concur.