677 So.2d 933 (1996)
George E. IMPERATORE, Appellant,
v.
NATIONSBANK OF FLORIDA, N.A., and Amresco Institutional, Inc., a Delaware corporation, Appellees.
Nos. 95-0829, 95-2634.
District Court of Appeal of Florida, Fourth District.
July 24, 1996.
*934 Gregg W. McClosky and Gary J. Drucker of Mattlin & McClosky, Boca Raton, for appellant.
Michael T. Kranz of Jones, Foster, Johnston & Stubbs, P.A., West Palm Beach, for appellees.
POLEN, Judge.
George Imperatore appeals two lower court decisions. First he appeals a decision by the Broward County trial court to transfer his defamation suit from Broward to Palm Beach County. Second, he appeals the Palm Beach County court's decision to dismiss his defamation claim while his appeal concerning the validity of the transfer remained pending before this court. We affirm in part and reverse in part.
On February 22, 1994, NationsBank obtained a final deficiency judgment against Imperatore for $441,529.74. The award was a result of a foreclosure action which began under the style of Citizens & Southern National Bank of Florida v. Mediterranean Estates. The action was brought in the Fifteenth Judicial Circuit (Palm Beach County), and the final judgment of foreclosure was appealed to this court. This court per curiam affirmed. Imperatore v. Citizens and Southern Nat'l Bank of Fla., 649 So.2d 878 (Fla. 4th DCA 1995).
In June of 1994, in an attempt to collect on the deficiency judgment, NationsBank (successor in interest to Citizens and Southern) and Ameresco (a collection service) wrote several letters to insurance companies that had issued annuity contracts to Mr. Imperatore. In the letters, written by NationsBank's attorneys, Stearns, Weaver, et al., NationsBank stated it had obtained a deficiency judgment against Mr. Imperatore and believed the annuity contracts were nonexempt assets which were purchased with the intent to hinder, delay or defraud Mr. Imperatore's creditors. NationsBank concluded they "may, in the near future, seek to execute on the contract directly or on the proceeds of such contract."
On August 15, 1994, in further efforts to collect on the deficiency, NationsBank filed a complaint (the fraudulent conveyance action) in Palm Beach County to seek a declaration the annuity contracts and their proceeds were non-exempt assets.
On September 22, 1994, Mr. Imperatore filed an action for damages against NationsBank alleging defamation and tortious interference with business relationships. He claimed the letters to the various insurance companies tortiously interfered with his relationships with those companies and defamed his reputation. Even though all prior legal actions were brought in Palm Beach County, Imperatore chose to file the defamation suit in Broward County. On February 8, 1995, the case was transferred to Palm Beach County, where it was consolidated with the fraudulent conveyance action. Mr. Imperatore filed a notice of appeal on March 6, 1995, claiming the Broward court improperly transferred the case. That appeal, case number 95-0829, is the first of these two consolidated appeals.
Following the transfer to Palm Beach, NationsBank moved to dismiss Imperatore's complaint, claiming the complaint failed to state a cause of action for defamation or tortious interference, due to the fact the statements made to the insurance companies were privileged, having been made during the course of a judicial proceeding. The trial court agreed with NationsBank and dismissed Imperatore's claim with prejudice on June 27, 1995, while the first appeal was pending in this court.
As for Imperatore's argument on the venue issue, we are unpersuaded by his *935 position. Under section 47.122, Florida Statutes (1995), a court may transfer venue of an action based on convenience of the parties or in the interest of justice. We find no error in the Broward judge's decision to transfer this action in the interest of justice.
However, we reverse the dismissal, with prejudice, of Imperatore's complaint. Pursuant to Florida Rule of Appellate Procedure 9.130(f), the trial court is without jurisdiction to enter a final order disposing of a cause, while review of a nonfinal order in the cause remains pending. The rule states:
In the absence of a stay, during the pendency of a review of a non-final order, the lower tribunal may proceed with all matters, including trial or final hearing; provided that the lower tribunal may not render a final order disposing of the cause pending such review.
Fla. R.App. P. 9.130(f). This court has consistently held that rule 9.130(f) bars the trial court from entering an order finally disposing of any cause pending before this court. In Connor Realty Inc. v. Ocean Terrace, 572 So.2d 4 (Fla. 4th DCA 1990), this court stated:
Florida Rule of Appellate Procedure 9.130(f) clearly states, and the case law holds, that a trial court may proceed in a cause pending a non-final appeal and dispose of any matter not in form or effect interfering with the power and authority of the appellate court to make its jurisdiction effective, but the trial court may do so only short of final disposition. E.g., M.A. Feldman & Company, Inc. v. Cohen, 537 So.2d 720 (Fla. 4th DCA 1989); A.B.T. Corp., Inc. v. City of Fort Lauderdale, 533 So.2d 1208 (Fla. 4th DCA 1988); Hirschhorn v. Superior Realty of Florida, 450 So.2d 510 (Fla. 4th DCA 1984); Darden v. Police and Fire Civ. Service Bd., City of Riviera Beach, 423 So.2d 543 (Fla. 4th DCA 1982); Esposito v. Horning, 416 So.2d 896 (Fla. 4th DCA 1982).
The final judgment and subsequent orders were entered without jurisdiction and they are a nullity.
Connor Realty, 572 So.2d at 4.
At bar, Imperatore's appeal of the nonfinal venue order from Broward remained pending at the time the Palm Beach court dismissed the cause. The dismissal eliminated the cause of action, before this court could rule on the validity of the change in venue. The dismissal, therefore, was barred by rule 9.130(f) and case law.
Finally, we note, assuming the trial court had not acted beyond its jurisdiction, we would have reversed the trial court's dismissal of Imperatore's claim with prejudice, because Imperatore should have been given an opportunity to amend his initial complaint at least once, to state a cause of action. Balcar v. Ramos, 595 So.2d 308 (Fla. 4th DCA 1992). The dismissal with prejudice was in error.
AFFIRMED IN PART; REVERSED IN PART.
DELL and SHAHOOD, JJ., concur.