PER CURIAM.
Emily Cappetta appeals a temporary order changing child custody. We affirm in part and reverse in part.
Appellant is the natural mother of a minor child, J.C. Appellee John Fields is the natural father. Upon a claim that the minor child was being mistreated, the father filed a petition for change of custody. After an eviden-tiary hearing, the circuit court entered an order temporarily changing custody to the father, pending final hearing. The mother filed a timely appeal.
The mother argues that under several Florida Supreme Court decisions, she is entitled to have counsel appointed for her in any ease in which child custody is at issue. The mother has misinterpreted the law on this subject.
Where the state brings a petition for the termination of parental rights, an indigent respondent parent is entitled to the appointment of counsel. See In the Interest of D.B. and D.S., 385 So.2d 83, 90 (Fla.1980); Fla. R. Juv. P. 8.515. The same rule also applies in certain cases where the state brings a dependency petition. See In the Interest of D.F., K.W., and T.W., 622 So.2d 1102, 1105 (Fla. 1st DCA 1993); Fla. R. Juv. P. 8.320.
The mother relies on the parenthetical statement in In the Interest of E.H., 609 So.2d 1289 (Fla.1992), that “a constitutional right to appointed counsel arises where the proceedings can result in permanent loss of parental custody.” Id. at 1290. The reference to permanent loss of custody in E.H. means termination of parental rights. E.H. is not referring to the situation now before us, which involves a petition filed by one of the child’s parents, seeking a change of custody.
We find no merit in the mother’s remaining points on appeal challenging the order temporarily changing custody. Consequently, the temporary custody order is affirmed.
On May 22, 1996, the trial court entered a final judgment changing the custody of the child to the father. By motion, the mother argues that the final judgment should not have been entered while the appeal of the temporary custody order was pending. The mother’s point is well taken. Florida Rule of Appellate Procedure 9.130(f) provides:
(f) Stay of Proceedings. In the absence of a stay during the pendency of a review of a non-final order, the lower tribunal may proceed with all matters, including trial or final hearing; provided that the lower tribunal may not render a final order disposing of the cause pending such review.
Consequently we vacate the final judgment as having been prematurely entered. We remand the cause to the trial court with directions to reenter the final judgment. If after the final judgment is reentered, the mother still desires to appeal, she must file a new notice of appeal within thirty days of the rendition of the new final judgment.
*545 Affirmed in part, reversed in part, and remanded with directions to reenter the final judgment.