696 So.2d 1243 (1997)
The NAPOLEONIC SOCIETY OF AMERICA, INC., a Florida not-for-profit corporation, and Proctor Jones, Appellants,
v.
Robert M. SNIBBE, Ronald Tinlin, Douglas Allan, Joseph Nicolazzo, Robert D. Williams, Walter Etling, and The Napoleonic Society of America Foundation, Inc., Appellees.
No. 97-02032.
District Court of Appeal of Florida, Second District.
June 18, 1997.
Stanford R. Solomon of Solomon & Benedict, P.A., Tampa, for Appellants.
Jawdet I. Rubaii and Jack F. White, III, of Jawdet I. Rubaii, P.A., Clearwater, for Appellees.
PER CURIAM.
We sua sponte dismiss the appeal in this cause. In appellate case number 96-04064, which remains pending in this court, the appellants, pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(B), appealed the trial court's order vacating the temporary injunction and returning the parties to the status quo. During the pendency of the appeal, the trial court entered final summary judgment which purported to dispose of the whole case. That order is the subject of the present appeal.
Florida Rule of Appellate Procedure 9.130(f) prohibits the trial court from rendering a final order during the pendency of appellate review of a nonfinal order. See Darden v. Police & Fire Civil Serv. Bd., City of Riviera Beach, 423 So.2d 543 (Fla. 4th DCA 1982) (trial court without jurisdiction to enter final order disposing of cause where appeal of order denying motion to dissolve temporary injunction pending). See also Cappetta v. Fields, 683 So.2d 543 (Fla. 3d DCA 1996); Imperatore v. NationsBank of Florida, N.A., 677 So.2d 933 (Fla. 4th DCA 1996).
Because the final summary judgment was entered without jurisdiction, it is a nullity. Connor Realty, Inc. v. Ocean Terrace North Ass'n, 572 So.2d 4 (Fla. 4th DCA 1990). We, therefore, vacate the final summary judgment and dismiss this appeal. See MML Dev. Corp. v. Eagle Nat'l Bank of Miami, 597 So.2d 968 (Fla. 5th DCA 1992).
Final summary judgment vacated; appeal dismissed.
PARKER, A.C.J., and ALTENBERND and LAZZARA, JJ., concur.