PER CURIAM.
In this custody dispute action, the natural mother appeals several non-final orders, namely, an order denying her emergency motion for modification of custody; an order denying her emergency motion for award of custody; and an order vacating an exparte order prohibiting the natural father from temporarily relocating the minor child to the Bahamas. We affirm.
This is the second appeal of this cause. In the earlier appeal, this court: (1) affirmed an order temporarily changing custody over the minor child from the the natural mother to the natural father; and (2) reversed a final judgment awarding permanent custody to the father where it was prematurely entered during the pendency of the appeal of the temporary custody order. See Cappetta v. Fields, 683 So.2d 543, 544 (Fla. 3d DCA 1996). We remanded the cause with directions for the lower court to reenter its final custody judgment and to permit the mother to timely appeal the judgment, if she so desired. Id. The record evidence before us indicates, however, that no final custody judgment has been reentered to date.
On this appeal, we find no merit for the mother’s apparent position that the lower court was without authority to enter the orders under review without first reentering a final custody judgment. Moreover, in the absence of a transcript of the proceedings below, we cannot conclude that the lower court abused its discretion in entering the orders under review. See Landa v. Landa, 539 So.2d 543, 544 (Fla. 3d DCA 1989)(orders granting or denying the removal of a child from the jurisdiction is reviewed on an abuse of discretion standard); Richardson v. Richardson, 442 So.2d 1005, 1005 (Fla. 3d DCA 1983)(custody determinations will not be overturned absent a showing that the trial court abused its discretion).
Affirmed.