791 So.2d 1127 (2000)
Jack Bruce KATZ, Appellant,
v.
NME HOSPITALS, INC., d/b/a West Boca Medical Center, Roger A. Levy, M.D., and Roger A. Levy, P.A. Appellees.
No. 4D00-613.
District Court of Appeal of Florida, Fourth District.
December 6, 2000.
*1128 Barbara Greenblatt of Barbara Greenblatt, P.A., Boca Raton, for appellant.
James C. Sawran and Jack Heda of McIntosh, Sawran, Peltz & Cartaya, P.A., Fort Lauderdale, for appellee NME Hospitals.
Judith A. Bass of the Law Offices of Robert I. Rubin, Fort Lauderdale, for appellee Roger A. Levy, M.D. and Roger A. Levy, P.A.
KLEIN, J.
On February 4, 2000, appellant appealed a January 31, 2000 order granting a motion for summary judgment. While that appeal was pending, the trial court entered two final judgments on March 2, 2000. Those orders were also appealed.
On May 12, 2000, this court dismissed the appeal from the January 31, 2000 order because it was a non-final, non-appealable order. Appellant argues that we must reverse the final judgments entered on March 2, 2000 because they were entered while the non-final appeal of the January 31, 2000 order was pending. Appellant relies on rule 9.130(f) which provides:
Stay of Proceedings. In the absence of a stay, during the pendency of a review of a non-final order, the lower tribunal may proceed with all matters, including trial or final hearing; provided that the lower tribunal may not render a final order disposing of the cause pending such review. (emphasis added.)
The Committee Notes to the rule state that the lower tribunal is "divested of jurisdiction" to enter a final order where a non-final appeal has been taken.
Appellees respond that the January 31, 2000 order was only an order granting a motion, clearly not appealable, as evidenced by our dismissal of that appeal in May. Accordingly, appellees argue, jurisdiction was not vested in this court. Appellant responds that the same factual situation was presented in Carter v. Dorman, 385 So.2d 740 (Fla. 3d DCA 1980) in which the third district held that even though a non-final appeal was ultimately dismissed by the appellate court for lack of jurisdiction, the trial court was without jurisdiction to enter a final judgment while the non-final appeal was pending. The court reasoned, based on earlier cases, that it had jurisdiction to determine jurisdiction. We agree with Carter and therefore reverse the judgments.
DELL and GROSS, JJ., concur.