938 So.2d 565 (2006)
JOHN F. BEMBEN AND DOROTHY FINE, Appellants,
v.
GREGORY M. CHOCK AND JUDITH K. CHOCK, JEANNE MCGILL, CYNTHIA LEE, AND MARCO ISLAND REAL ESTATE, Appellees.
Case No. 2D05-5889.
District Court of Appeal of Florida, Second District.
Opinion filed September 6, 2006.
Brian S. Dervishi of Weissman, Dervishi, Borgo & Nordlund, P.A., Miami, for Appellants.
Jana Jay Malen of Stephen R. Ostrow, P.A., Marco Island, for Appellees.
WHATLEY, Judge.
John F. Bemben and Dorothy Fine (the Sellers) appeal the final summary judgment entered in favor of Gregory M. Chock and Judith K. Chock (the Buyers) in the Buyers' action against them for specific performance of a sales contract for a vacant lot. We reverse because the trial court lacked jurisdiction to enter the judgment.[1]
The final summary judgment is a nullity because the trial court entered it during the pendency of the Sellers' interlocutory appeal of an order denying their motion to dissolve the Buyers' lis pendens. See Fla. R. App. P. 9.130(f) ("In the absence of a stay, during the pendency of a review of a non-final order, the lower tribunal may proceed with all matters, including trial or final hearing; provided that the lower tribunal may not render a final order disposing of the cause pending such review."); Brewer v. Solovsky, 899 So. 2d 497 (Fla. 4th DCA 2005); Katz v. NME Hosps., Inc., 791 So. 2d 1127, 1128 (Fla. 4th DCA 2000) (noting that committee notes to rule 9.130(f) point out that the lower tribunal is divested of jurisdiction to enter a final order during a nonfinal appeal); Imperatore v. NationsBank of Fla., N.A., 677 So. 2d 933 (Fla. 4th DCA 1996).
We quash the final summary judgment and remand for further proceedings.
Reversed and remanded.
FULMER and WALLACE, JJ., Concur.
NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.
NOTES
[1] Because the trial court lacked jurisdiction to enter a final order, we are unable to address the merits of the issues raised in this appeal. However, we note that based on the briefing, it appears that the parties recognize that the trial court misstated the amount of the purchase price in the final summary judgment and may have erred in dismissing the counter-petition with prejudice.