995 So.2d 543 (2008)
Rusty L. BENJAMIN and Aida Benjamin, Appellants,
v.
Paul FORE and Mary Fore, Appellees.
No. 2D07-5099.
District Court of Appeal of Florida, Second District.
August 8, 2008.
*544 John P. Fleck, Jr., Bradenton, for Appellants.
Mark A. Nelson of Ozark, Perron & Nelson, P.A., Bradenton, for Appellees.
NORTHCUTT, Chief Judge.
Rusty and Aida Benjamin sued Paul and Mary Fore, claiming a constructive trust on property purchased by the Fores, and the Benjamins appeal an adverse final summary judgment. We decline to reach the merits of the appeal at this time because the final judgment was rendered while the Benjamins' nonfinal appeal was pending in this court. See Benjamin v. Fore, 969 So.2d 1025 (Fla. 2d DCA 2007) (table decision). "It has long been held that where an appeal is duly taken, whether with or without supersedeas, jurisdiction of the cause is transferred to the appellate court, thereby depriving the trial court of the power to [f]inally dispose of the cause by dismissal or otherwise." De La Portilla v. De La Portilla, 304 So.2d 116, 118 (Fla.1974); see also Fla. R.App. P. 9.130(f) (providing that a "lower tribunal may not render a final order disposing of the cause" while a nonfinal appeal is pending). In response to our show cause order, the Benjamins have conceded this point.
In similar circumstances, where a circuit court entered final judgment during the pendency of a nonfinal appeal in the case, this court acted sua sponte to vacate the judgment and dismiss the appeal. Napoleonic Soc'y of Am., Inc. v. Snibbe, 696 So.2d 1243 (Fla. 2d DCA 1997) (calling final judgment a nullity when circuit court lacked jurisdiction due to pending nonfinal appeal); Kessler v. City of Naples, 779 So.2d 378 (Fla. 2d DCA 2000). As the Fourth District has explained, "jurisdiction is not a question a court can take or leave, and a judgment entered without jurisdiction is void." Esposito v. Horning, 416 So.2d 896, 898 (Fla. 4th DCA 1982) (reversing nonfinal order and noting that final judgment, entered while nonfinal appeal was pending, was void). Consistent with Kessler and Snibbe, we vacate the final judgment and dismiss the appeal.
Final judgment vacated; appeal dismissed.
DAVIS, J., and MASTERS, ELLEN S., Associate Judge, Concur.