# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT
_____

IRENE JOHNSON PRIDGEN and KAREY JOHNSON, SR.,

Appellants,

v.

WILMINGTON SAVINGS FUND SOCIETY, FSB, as owner
trustee of the Residential Credit Opportunities Trust VII-A,

Appellee.

No. 2D22-2588
_____

December 27, 2023

Appeal from the Circuit Court for Pinellas County; George M. Jirotka,
Judge.

Irene Johnson Pridgen, pro se.

Karey Johnson, Sr., pro se.

Melisa Manganelli of Law Offices of Mandel, Manganelli & Leider, P.A.,
Boca Raton, for Appellee.

LABRIT, Judge.

Florida Rule of Appellate Procedure 9.130(f) states that "during the
pendency of a review of a nonfinal order . . . the lower tribunal may not
render a final order disposing of the cause pending such review absent
leave of the court." Here, without leave of court, the trial court entered a
final judgment of foreclosure while a prior appeal in the case was
pending. The appellants argue that this was error, and we agree.

"It has long been held that where an appeal is duly taken, . . . jurisdiction of the cause is transferred to the appellate court, thereby depriving the trial court of the power to [f]inally dispose of the cause by dismissal or otherwise." *Benjamin v. Fore*, 995 So. 2d 543, 544 (Fla. 2d DCA 2008) (alteration in original) (quoting *De La Portilla v. De La Portilla*, 304 So. 2d 116, 118 (Fla. 1974)); *see also Gibson v. Progress Bank of Fla.*, 54 So. 3d 1058, 1060 (Fla. 2d DCA 2011); *Kessler v. City of Naples*, 779 So. 2d 378, 379 (Fla. 2d DCA 2000). According to the appellee, the trial court retained this power because the prior appeal sought review of a nonappealable nonfinal order. It's true that the nonfinal order was not appealable. But this does not mean that we lacked jurisdiction to make that determination in the prior appeal, nor does it mean that the trial court retained jurisdiction to finally dispose of the case while the appeal was pending. *See Katz v. NME Hosps., Inc.*, 791 So. 2d 1127, 1128 (Fla. 4th DCA 2000); *Carter v. Dorman*, 385 So. 2d 740, 741 (Fla. 3d DCA 1980).

Because an appeal was pending when the trial court entered final judgment, the judgment is void. *See Benjamin*, 995 So. 2d at 544. We therefore reverse and remand with instructions for the trial court to vacate the final judgment.[1]

Reversed and remanded.

KELLY and ROTHSTEIN-YOUAKIM, JJ., Concur.

_____

Opinion subject to revision prior to official publication.

_____

[1] Because the judgment is void, we decline to reach the merits of the other issues the appellants raise in this appeal.

2