# Third District Court of Appeal

## State of Florida

Opinion filed July 24, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D23-1287 & 3D23-1304
Lower Tribunal No. 23-6429 CC

_____

**Miami-Dade County,**
Appellant,

vs.

**Louise Davis, et al.,**
Appellees.

Appeals from the County Court for Miami-Dade County, Diana Gonzalez-Whyte, Judge.

Geraldine Bonzon-Keenan, Miami-Dade County Attorney, and Sabrina Levin and Christopher J. Wahl, Assistant County Attorneys, for appellant.

L. Turner Law, P.A., and Lauren N. Peffer (Boca Raton), for appellees.

Before SCALES, GORDO and BOKOR, JJ.

PER CURIAM.

In this consolidated case, Miami-Dade County appeals both (i) a July 15, 2023 injunction order (case number 3D23-1287), and (ii) a July 18, 2023 order that voided a March 30, 2023 *ex parte* final order that authorized the County to confiscate appellees Louise and William Scott Davis's allegedly dangerous dog (case number 3D23-1304). The July 18th order also found section 767.12 of the Florida Statutes to be "an unconstitutional delegation of power." We consolidated the two appeals.

Because both challenged orders were entered *after* the Davises appealed the March 30th *ex parte* final order (case number 3D23-0575), but *before* the Davises voluntarily dismissed that appeal in October 2023, both of the challenged orders were rendered while the trial court was divested of jurisdiction. Fonseca v. Taverna Imps., Inc., 193 So. 3d 92, 94 (Fla. 3d DCA 2016) ("It is well settled that . . . a trial court is divested of jurisdiction upon the filing of a notice of appeal. Accordingly, a trial court is without jurisdiction to modify a judgment, while that judgment is pending on appeal, in the absence of the appellate court relinquishing jurisdiction to the trial court for that purpose.") (citations omitted).

Therefore, without reaching the merits, we quash both orders as having been entered while the trial court was without jurisdiction over the case. See Bemben v. Chock, 938 So. 2d 565, 566 (Fla. 2d DCA 2006).

Orders quashed.