DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

ROBERTO CAPUTO,

Appellant,

v.

SYDNEY PLOE,

Appellee.

No. 2D2025-1785
_____

May 29, 2026

Appeal pursuant to Fla. R. App. P. 9.130 from the County Court for
Pinellas County; Lorraine M. Kelly, Judge.

Roberto Caputo, pro se.

Sydney Ploe, pro se.


SILBERMAN, Judge.

Roberto Caputo appeals the trial court's order denying his motion
to vacate a final order dismissing with prejudice his lawsuit against
Sydney Ploe (the Dismissal Order).  We reverse and remand for the trial
court to vacate the Dismissal Order because the trial court lacked
jurisdiction to enter it.

This case began with Mr. Caputo suing Ms. Ploe, his ex-girlfriend,
seeking reimbursement for rent, utilities, and the cost of a television.

Following a nonjury trial, the trial court found in Mr. Caputo's favor and entered an order directing Ms. Ploe to make four monthly payments to Mr. Caputo by Venmo in the total amount of $2,297 (the Payment Order). In the same order, the court stayed entry of a final judgment pending Ms. Ploe's compliance with the payment schedule. The court ruled that if Ms. Ploe paid the full amount the case would be dismissed. The court added that if Ms. Ploe failed to comply with the Payment Order, the court would enter a final judgment awarding "the unpaid sum plus $2000 for other unpaid rents."

Mr. Caputo filed a notice of appeal of the Payment Order, challenging the amount of $2,297 as insufficient. That appeal remains pending in this court in case number 2D2025-0867. About five hours after Mr. Caputo filed his notice of appeal, the trial court entered the Dismissal Order. Although not detailed in the Dismissal Order or the limited record before us, it appears that Ms. Ploe made payment to Mr. Caputo soon after the trial court entered the Payment Order rather than by making four monthly payments.

After the trial court entered the Dismissal Order, Mr. Caputo filed a motion to vacate that order. He argued that the trial court lacked jurisdiction to enter a final order disposing of the case because he had already filed his notice of appeal of the Payment Order. The trial court declined to grant the motion to vacate, finding as follows: "No Final Judgment was ever entered. Final Judgment was STAYED and the case dismissed based on [Ploe's] compliance with the terms of that Order." Mr. Caputo challenges the order denying his motion to vacate in this appeal.

Under Florida Rule of Appellate Procedure 9.130(f), "during the pendency of a review of a nonfinal order, . . . the lower tribunal may not

2

render a final order disposing of the cause pending such review absent leave of the court." In other words, once an appeal is taken, "jurisdiction of the cause is transferred to the appellate court, thereby depriving the trial court of the power to [f]inally dispose of the cause by dismissal or otherwise." *Pridgen v. Wilmington Sav. Fund Soc'y, FSB*, 376 So. 3d 811, 811 (Fla. 2d DCA 2023) (alteration in original) (quoting *Benjamin v. Fore*, 995 So. 2d 543, 544 (Fla. 2d DCA 2008)). The nonfinal order appealed in Mr. Caputo's related case was appealable under rule 9.130(a)(3)(C)(ii) because it directed the immediate payment of money. *See Greene v. Borsky*, 961 So. 2d 1057, 1058 (Fla. 4th DCA 2007). But even if that order was not appealable, when a party seeks review of a nonappealable nonfinal order, the trial court does not "retain[] jurisdiction to finally dispose of the case while the appeal [is] pending." *See Pridgen*, 376 So. 3d at 812. Thus, the trial court's order dismissing the case with prejudice entered after Mr. Caputo filed his notice of appeal of the Payment Order, which dismissal was entered without leave from this court, is void for a lack of jurisdiction. *See Benjamin*, 995 So. 2d at 544 ("[J]urisdiction is not a question a court can take or leave, and a judgment entered without jurisdiction is void." (quoting *Esposito v. Horning*, 416 So. 2d 896, 898 (Fla. 4th DCA 1982))).

Because the Dismissal Order is void for lack of jurisdiction, the trial court should have granted Mr. Caputo's motion to vacate the Dismissal Order in accordance with Florida Rule of Civil Procedure 1.540(b)(4). We reverse and remand for the trial court to vacate the Dismissal Order. *See Wiggins v. Tigrent, Inc.*, 147 So. 3d 76, 88 (Fla. 2d DCA 2014); *Llanso v. Gomez de Cordova*, 263 So. 3d 137, 140 (Fla. 3d DCA 2018).

Reversed and remanded.

3

VILLANTI and ATKINSON, JJ., Concur.

_____

Opinion subject to revision prior to official publication.