485 So.2d 17 (1986)
Macaria RIVERA, Appellant,
v.
DADE COUNTY D/B/a M.T.A. and Felix Osvaldo Cabrera, Appellee.
No. 85-1769.
District Court of Appeal of Florida, Third District.
March 11, 1986.
Leonardo A. Canton, Coral Gables, for appellant.
Robert A. Ginsburg, Co. Atty., and Gary A. Siplin, Asst. Co. Atty., for appellee.
Before HUBBART, NESBITT and BASKIN, JJ.
PER CURIAM.
Appellant Macaria Rivera challenges an adverse final judgment on two grounds. First, she claims the trial court erred when it orally ruled that it lacked jurisdiction over a defendant who had been served through the Secretary of State, pursuant to sections 48.161 and 48.171, Florida Statutes (1983). We may not address her contention because this court lacks jurisdiction to review orders which have not been reduced to writing.[*] Fla.R.App.P. 9.110(b), 9.020(g); Phillips v. Albertson's Inc., 472 So.2d 513 (Fla. 2d DCA 1985). Appellant's second point is without merit. § 768.28(7), Fla. Stat. (1983). See Levine v. Dade County School Board, 442 So.2d 210 (Fla. 1983); Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979).
Affirmed.
NOTES
[*] Because appellant waived her right to complain of the trial court's ruling, by moving to amend the pleadings to strike the absent defendant, we need not remand this cause for the entry of a written order. See Viltz v. Viltz, 384 So.2d 1348 (Fla. 3d DCA 1980); Holmes v. School Board of Orange County, 301 So.2d 145 (Fla. 4th DCA 1974), cert. denied, 312 So.2d 755 (Fla. 1975).