491 So.2d 1217 (1986)
William JOHNSON, Appellant,
v.
FIRST CITY BANK OF GAINESVILLE and J. Emory Cross, Appellees.
No. BG-235.
District Court of Appeal of Florida, First District.
July 22, 1986.
*1218 William Johnson, pro se.
Nancy E. Yenser of Salter, Feiber & Yenser, Gainesville, for appellees.
PER CURIAM.
The order from which this appeal is taken granted the appellees' motion to dismiss "with prejudice". It is an order granting a motion, not an order dismissing the action. Such an order is not final and not appealable. Gries Investment Company v. Chelton, 388 So.2d 1281 (Fla. 3rd DCA 1980). The appeal is therefor dismissed for lack of jurisdiction.
We agree with our sister court in Gries that Williams v. State, 324 So.2d 74 (Fla. 1975), does not preclude dismissal in a case such as this one. However, we are not inclined to encourage the trial bench and bar in practices which result in the appeal of such nonappealable orders by accommodating the parties as our sister court has done in Gries. In our view, although the appellate court has the inherent power to determine if it has jurisdiction over a particular appeal, once it has determined that it does not have jurisdiction, the appellate court may not "relinquish" this nonexistent jurisdiction for the entry of a proper order which would then invest the appellate court with jurisdiction to hear the appeal.
We recognize that this position places us in conflict with several of our sister courts, and certify to the Florida Supreme Court the following questions as matters of great public importance:
1. Are the appellate courts of this state bound by what appears to be dictum in Williams v. State, 324 So.2d 74, 79-80 (Fla. 1975), to the effect that a notice of appeal filed prematurely may not be dismissed, but shall exist in a state of limbo until the judgment is rendered, at which time it shall mature and vest jurisdiction in the appellate court?
2. If so, does this rule apply to situations not explicitly discussed in Williams, specifically the situation in which the trial court has granted a motion to dismiss, but has not effectively dismissed the case? Sloman v. Florida Power and Light, 382 So.2d 834 (Fla. 4th DCA 1980).
3. If an appellate court determines that it does not have jurisdiction to entertain an appeal of a nonappealable order, and the court is not precluded by Williams from dismissing the appeal, is it appropriate for the appellate court to "relinquish jurisdiction" to the trial court for entry of a final, appealable order? Gries Investment Company v. Chelton, 388 So.2d 1281 (Fla. 3rd DCA 1980); Barnes v. Ross, 386 So.2d 812 (Fla. 3rd DCA 1980).
4. If an appellate court determines that it does not have jurisdiction to entertain an appeal of a nonappealable order, and the court is precluded by Williams from dismissing the appeal, is it appropriate for the appellate court to "relinquish jurisdiction" to the trial court for entry of a final, appealable order?
5. If Williams precludes dismissal of an appeal and the appellate court may not relinquish jurisdiction, may it inform the parties that the order is deficient and *1219 that the notice of appeal will remain "in limbo" until a proper final order is entered?
This appeal is DISMISSED for lack of jurisdiction.
SHIVERS, ZEHMER and BARFIELD, JJ., concur.