549 So.2d 679 (1989)
James H. CHAPMAN and Anna L. Chapman, Appellants,
v.
UNIVERSAL UNDERWRITERS INSURANCE COMPANY, a Corporation; Tiffin Motor Homes, a Corporation; and Western Surety Company, a Corporation, Appellees.
No. 88-2652.
District Court of Appeal of Florida, First District.
July 7, 1989.
William H. Folsom, Jr., of William H. Folsom, Jr., P.A., Jacksonville, for appellants.
Geoffrey B. Dobson, of Dobson & Christensen, P.A., St. Augustine, for appellee Universal Underwriters Ins. Co., and Lisa S. Odom, of Lloyd T. Asbury, P.A., Jacksonville, for appellees Tiffin Motor Homes, Inc. and Western Surety Co.
WIGGINTON, Judge.
This Court ordered the appellants to show cause why the appeal should not, sua sponte, be dismissed as one from nonappealable, non-final orders merely granting motions to dismiss. See Board of County Commissioners of Madison County v. Grice, 438 So.2d 392 (Fla. 1983); and Johnson v. First City Bank of Gainesville, 491 So.2d 1217 (Fla. 1st DCA 1986). Appellants filed a response revealing that the parties to the appeal had entered into a stipulation supplementing the record pursuant to rule 9.200(f), Florida Rules of Appellate Procedure, and attached thereto a certified copy of a "Final Order Nunc Pro Tunc Granting Dismissal of Causes of Action with Prejudice and Dismissing the Parties from this Action and the Complaint." In considering the propriety of appellants' response and the attachment of the nunc pro tunc order in regard to whether such stipulation and order could vest jurisdiction in this Court, we have concluded that the circuit court did not have jurisdiction to enter such order.
In Johnson v. First City Bank of Gainesville, we recognized that "the appellate court has the inherent power to determine if it has jurisdiction over a particular appeal... ." 491 So.2d at 1218. Thus, the issue is whether a trial court has jurisdiction to enter an order nunc pro tunc during this "inchoate" appellate jurisdiction so as *680 to thereby vest jurisdiction in the appellate court by virtue of said order. An earlier opinion from the Court held that a trial court lacks jurisdiction to render a nunc pro tunc order after an appeal has been taken. See Fritz v. Sroczyk, 202 So.2d 796 (Fla. 1st DCA 1967). That holding, of course, is in line with modern rule 9.600, Florida Rules of Appellate Procedure, which limits a trial court's concurrent jurisdiction to render orders to the period of time prior to when the record is transmitted.
One might argue that since we did not have jurisdiction to consider this appeal, as it was from an order merely granting a motion to dismiss, the trial court retained jurisdiction to enter the order. However, the Third District Court of Appeal in Carter v. Dorman, 385 So.2d 740 (Fla. 3d DCA 1980), found that to be a distinction without a difference. Therein the court reversed an order denying a motion to set aside a final judgment under rule 1.540(b)(4), Florida Rules of Civil Procedure, on the basis that
... (a) the original judgment was entered without jurisdiction while an appeal from a non-final trial court order was pending in this Court [citation omitted]; (b) this result is not changed by the fact that the above-stated interlocutory appeal was subsequently dismissed for lack of jurisdiction [citation omitted], as this court still had jurisdiction to determine whether it had jurisdiction over the subject appeal which thereby deprived the trial court of jurisdiction to dispose finally of the cause during the pendency of said appeal [citations omitted]; and (c) the trial court now has jurisdiction to enter a new final judgment based upon the jury verdict previously rendered in this cause. [Citation omitted.]
385 So.2d at 741 (emphasis added). We agree with the Carter analysis, which takes on greater significance in light of our opinion in Johnson holding that
... although the appellate court has the inherent power to determine if it has jurisdiction over a particular appeal, once it is determined that it does not have jurisdiction, the appellate court may not "relinquish" this nonexistent jurisdiction for the entry of a proper order which would then invest the appellate court with jurisdiction to hear the appeal.
491 So.2d at 1218.[1]
We reason from the Johnson holding that if this Court cannot relinquish its "nonexistent jurisdiction" for the entry of a proper order, certainly the parties and the trial court  which lacks jurisdiction by virtue of the appeal  cannot vest this Court with jurisdiction by way of a nunc pro tunc order.
On the basis of the foregoing, we conclude that we do not have jurisdiction to consider this appeal. Therefore, the appeal is DISMISSED for lack of jurisdiction.
THOMPSON and NIMMONS, JJ., concur.
NOTES
[1] However, in so holding, we noted that the Third District in Gries Investment Company v. Chelton, 388 So.2d 1281 (Fla. 3d DCA 1980), would accommodate the parties in such a situation by relinquishing jurisdiction to the trial court. We stated that "we are not inclined to encourage the trial bench and bar in practices which result in the appeal of such nonappealable orders by accommodating the parties as our sister court has done in Gries." Johnson, 491 So.2d at 1218.