557 So.2d 904 (1990)
STATE of Florida, Appellant,
v.
Roosevelt SMITH, Appellee.
No. 89-568.
District Court of Appeal of Florida, First District.
March 1, 1990.
Robert A. Butterworth, Atty. Gen., Gypsy Bailey, Asst. Atty. Gen., for appellant.
Michael E. Allen, Public Defender, David P. Gauldin, Asst. Public Defender, for appellee.

ORDER
NIMMONS, Judge.
In its Notice of Appeal, the state asserts that it is appealing a final order of the trial court rendered February 17, 1989 granting the defendant's Motion to Arrest Judgment on Count II of the Information. The record contains neither a written motion to arrest judgment nor a written order on such a motion. It is apparent from a review of the record in this case that what the state is in fact appealing is an oral order of the trial court granting the defendant's Motion to Dismiss Count II of the Information. This oral order was announced by the trial judge at a post-trial hearing on the defendant's Motion for New Trial, which was subsequently denied by written order. The defendant's motion to dismiss was filed before the trial of the case and had originally been denied by written order.
This court lacks jurisdiction to review oral orders of the trial court, where such orders have not been reduced to writing. Fla.R.App.P. 9.020(g) and 9.110(b); Rivera v. Dade County, 485 So.2d 17 (Fla. 3rd DCA 1986); Phillips v. Albertson's Inc., 472 So.2d 513 (Fla. 2nd DCA 1985); Prado-Gonzalez v. State, 468 So.2d 991 (Fla. 4th DCA 1984). Furthermore, even if this subsequent order granting the defendant's motion to dismiss had been in writing, we would still lack jurisdiction over the state's appeal. Orders granting motions are not final and therefore not appealable. Johnson v. First City Bank of Gainesville, 491 So.2d 1217 (Fla. 1st DCA 1986); Gries Investment Company v. Chelton, 388 So.2d 1281 (Fla. 3rd DCA 1980); Guth v. Howard, 362 So.2d 725 (Fla. 2nd DCA 1978).
Because we do not have jurisdiction, we cannot remand this case to the trial court with directions to enter a written order of dismissal, thereby allowing the state to proceed under Florida Rule of Appellate Procedure 9.140(c)(1)A. As this court previously stated in Johnson, supra:
[W]e are not inclined to encourage the trial bench and bar in practices which result in the appeal of such nonappealable orders by accommodating the parties as our sister court has done in *905 Gries. In our view, although the appellate court has the inherent power to determine if it has jurisdiction over a particular appeal, once it has determined that it does not have jurisdiction, the appellate court may not "relinquish" this nonexistent jurisdiction for the entry of a proper order which would then invest the appellate court with jurisdiction to hear the appeal.
491 So.2d at 1218; see also Chapman v. Universal Underwriters Insurance Company, 549 So.2d 679 (Fla. 1st DCA 1989); Arcangeli v. Albertson's, Inc., 550 So.2d 557 (Fla. 5th DCA 1989).
The defendant has filed a notice of cross appeal on February 24, 1989, in which he challenges the judgment and sentence rendered by the trial court on February 17, 1989. The judgment and sentence could have been appealed in its own right by the defendant pursuant to Florida Rule of Appellate Procedure 9.140(b). Moreover, the defendant filed his notice of cross appeal within the time limit for filing a direct appeal. See Fla.R.App.P. 9.110(b). We conclude that under these circumstances, the defendant's cross appeal can exist independently of the state's appeal.
Accordingly, the state's appeal is DISMISSED for lack of jurisdiction. The defendant's cross appeal will be treated as a timely direct appeal under Florida Rule of Appellate Procedure 9.140(b).
BOOTH and THOMPSON, JJ., concur.