604 So.2d 824 (1991)
STATE of Florida, Appellant,
v.
Richard FEAGLE, Appellee.
No. 90-946.
District Court of Appeal of Florida, First District.
August 30, 1991.
Robert A. Butterworth, Atty. Gen. and Cynthia Shaw, Asst. Atty. Gen., Tallahassee, for appellant.
Ralph N. Greene, III, Jacksonville, for appellee.
PER CURIAM.
We issued an order to show cause, directed to the appellant State of Florida, why this appeal should not be dismissed because the order being appealed did not appear to be an appealable order. Having considered the appellant's response, we discharge the order to show cause.
Appellee was charged by information with perjury. He filed a motion to dismiss the information arguing that he had recanted his alleged perjured testimony. The trial court agreed, ruled that recantation was an absolute defense to the charge of perjury and granted the motion to dismiss. The State filed this appeal. The record does not contain an order which actually dismisses the information. As noted, we issued an order to show cause why the appeal should not be dismissed. The State has filed a response. It argues that the order is appealable under section 924.07(1)(a), Florida Statutes (1989) and Florida Rule of Appellate Procedure 9.140(c)(1)(A). The State also argues that State v. Diamond, 188 So.2d 788 (Fla. 1966), holds that an order which grants a motion to quash an information is appealable. The State argues Diamond is controlling and prohibits this court from dismissing this appeal. Finally, the State urges us to follow the Fourth and Fifth District Courts of Appeal which have held such orders appealable. State v. Nessim, 587 So.2d 1343 (Fla. 4th DCA 1991) (en banc); State v. Saufley, 574 So.2d 1207 (Fla. 5th DCA 1991) (en banc).
In civil cases this court has consistently held that an order which grants a motion to dismiss the complaint, but does not actually dismiss the complaint, is not an appealable order. E.g., Johnson v. First City Bank of Gainesville, 491 So.2d 1217 (Fla. 1st DCA 1986). Such orders are not appealable in civil cases because they are not final orders and are not among those non-final orders which are appealable before entry of a final order. Id. at 1218. The State argues that Johnson and the other cases are not applicable to criminal appeals by the State.
This court is a court of limited jurisdiction. The Florida Constitution provides in pertinent part that "District Courts of Appeal shall have jurisdiction to hear appeals ... from final judgments or orders of trial courts. They may review interlocutory orders *825 ... to the extent provided by the rules adopted by the supreme court." The order being appealed contains no words of finality and, if judged by the same standard as orders in civil cases, would not be a final order. Johnson. If not a final order, we only have jurisdiction to review the order if the supreme court has provided for review of the order by rule. State v. Smith, 260 So.2d 489 (Fla. 1972).
As noted, the state argues that State v. Diamond holds that such orders are final orders. The facts of State v. Diamond, as reflected in the opinion, are quite sketchy. It appears that the defendant filed a motion to quash the information, which motion was granted by the trial court. The State did not appeal that order. An order was subsequently entered which quashed the information (compared to just granting the motion). The State appealed that order. The defendant moved to dismiss the appeal arguing that the first order, the one which merely granted the motion to quash, was an appealable order and, since no timely appeal had been taken from that order, the appeal should be dismissed. The Supreme Court ruled defendant was correct and dismissed the State's appeal. The Supreme Court held that the first order was appealable under section 924.07, Florida Statutes (1965). That statute provided in pertinent part:
An appeal may be taken by the State from:
(1) An order quashing an indictment or information or any count thereof.
By comparison section 924.07 now provides in pertinent part:
(1) The State may appeal from:
(a) An order dismissing an indictment or information or any count thereof.[1]
We believe the language in the 1965 version and the present version of section 924.07 is indistinguishable. Thus, in our opinion the state is correct that Diamond holds such an order is a final order.[2] Language in State v. Smith, 557 So.2d 904 (Fla. 1st DCA 1990) which suggests a contrary result is dicta. We are bound to follow Diamond.[3]Hoffman v. Jones, 280 So.2d 431, 434 (Fla. 1973). We caution the State that our ruling is a two edged sword. While it allows the State to appeal such orders, it also requires them to appeal the order and not wait for entry of an order which actually dismisses the information.
Accordingly, our order to show cause why the appeal should not be dismissed is discharged.
SHIVERS and ALLEN, JJ., and WENTWORTH, Senior Judge, concur.
NOTES
[1] Rule 9.140(c)(1)(A) contains the exact same language.
[2] The supreme court also relied on section 909.05, Florida Statutes (1965). Although that statute no longer exists, we do not believe it changes the result.
[3] Diamond is not discussed in Nessim or Saufley.