PER CURIAM.
Appellant, Laurence Jacobson, an inmate at Union Correctional Institution, filed a civil action against appellees Starling, Miller and Tabah, employees of the institution, asserting various claims arising from appellant’s transfer from his job assignment as clerk/aide in the institution’s vocational horticultural program. Appellees responded to the complaint by filing a motion to dismiss, or alternatively, motion to strike appellant’s complaint for failure to state a cause of action. Appellant, in turn, filed a motion to strike appellees’ motion to dismiss as a sham pleading. The trial court then issued an order finding:
Plaintiff’s Complaint fails to state a cause of action upon which relief may be granted, or alternatively, strikes those portions of the Complaint which the Court deems appropriate. Accordingly, it is therefore ORDERED and ADJUDGED that the Complaint be DISMISSED.
We construe the trial court’s order as one granting appellees’ motion to dismiss, rather than an order dismissing appellant’s complaint on the merits. The former is a non-final, non-appealable order. Board of County Commissioners of Madison County v. Grice, 438 So.2d 392 (Fla.1983); Johnson v. First City Bank of Gainesville, 491 So.2d 1217 (Fla. 1st DCA 1986); see Fla. R.App.P. 9.030(b)(1)(A). Furthermore, the trial court’s order is not a non-final order subject to review pursuant to Florida Rule of Appellate Procedure 9.130(a)(3). Finding that we lack jurisdiction, the appeal is dismissed, sua sponte.
DISMISSED.
ZEHMER, MINER and WEBSTER, JJ., concur.