655 So.2d 1272 (1995)
Tommy Lee BENTON, Appellant,
v.
Paul P. MOORE and Ricky Cloud, Appellees.
No. 94-2582.
District Court of Appeal of Florida, First District.
June 6, 1995.
*1273 Tommy Lee Benton, pro se.
Robert A. Butterworth, Atty. Gen. and Susan P. Stephens, Asst. Atty. Gen., Tallahassee, for appellees.

ORDER OF DISMISSAL
PER CURIAM.
Tommy Lee Benton's circuit court complaint sought to recover damages for alleged negligence on the part of certain officials of the Department of Corrections in the handling of a disciplinary matter. On July 14, 1994, the trial court entered an order which provides in pertinent part:
THIS CAUSE came on before me on Defendants' Motion to Dismiss and Plaintiff's Response to Defendants' Motion to Dismiss. After reviewing the Defendants' Motion and Plaintiff's Response, it is ORDERED AND ADJUDGED that Defendants' Motion to Dismiss is hereby granted.
Plaintiff filed a timely notice of appeal.
After the record on appeal was filed, this court directed appellant to show cause why the appeal should not be dismissed for lack of jurisdiction. That is, it has been held that an order which grants a motion to dismiss is neither a final order nor an appealable non-final order. Board of County Commissioners v. Grice, 438 So.2d 392 (Fla. 1983); Johnson v. First City Bank, 491 So.2d 1217 (Fla. 1st DCA 1986). Appellant, in his response to the order to show cause, simply argues that the order was final.
Appellant has failed to distinguish Grice or Johnson or persuade us that the order is final or otherwise appealable. Accordingly, we dismiss the appeal for lack of jurisdiction. In doing so, we are not unmindful of Florida Rule of Appellate Procedure 9.110(m) which provides that if a notice of appeal is filed before rendition of a final order, "[b]efore dismissal, the court in its discretion may permit the lower tribunal to render a final order." We find that a proper exercise of our discretion in this and most cases in this posture is dismissal of the appeal at the time this court is called upon to resolve the jurisdictional issue unless a final order has been rendered by the trial court in the interim. In the absence of some exceptional circumstance, the appeal would be dismissed without prejudice, of course, to the right of the appealing party to file a timely notice of appeal after a final order has been rendered by the trial court.[1] As no exceptional circumstances are present in the case at bar, this appeal is dismissed for lack of jurisdiction.
WOLF, WEBSTER and LAWRENCE, JJ., concur.
NOTES
[1] In Latin Express Service, Inc. v. State, Department of Revenue, No. 95-510, ___ So.2d ___ (Fla. 1st DCA May 18, 1995), this court found that an order which did not advise the appellant of its right to appeal directly to the district court was not final and did not commence the running of the 30-day period for filing of the notice of appeal. Jurisdiction was relinquished pursuant to rule 9.110(m) for entry of a final order. We find Latin Express distinguishable from the instant case because it arose from an administrative tribunal and because the jurisdictional defect was the result of the agency/appellee's issuance of a defective order.