PER CURIAM.
In this case, in the order appealed from, the trial court states that appellant “is bound by the appraisal report rendered on December 5, 1997, and is precluded from further recovery under the terms of the subject policy.” However, the court also “specifically reserves jurisdiction to consider further arguments regarding prejudgment interest, taxable costs and attorney’s fees.” Such reservation of jurisdiction to determine prejudgment interest is improper in a final judgment. Cf. McGurn v. Scott, 596 So.2d 1042 (Fla.1992)(reflecting that it is improper, in an order which purports to be a final judgment, for the trial court to reserve jurisdiction to award prejudgment interest).
For this reason, this appeal is sua sponte DISMISSED. See generally Benton v. Moore, 655 So.2d 1272, 1273 (Fla. 1st DCA 1995). Such dismissal is without prejudice to appellant’s right to file a timely notice of appeal after a final order disposing of all issues, including prejudgment interest, has been rendered in the case below.
ERVIN, LAWRENCE and BROWNING, JJ., CONCUR.