PER CURIAM.
The appellant challenges two probate orders. We dismiss the appeal as to the first order, which granted a motion to dismiss the appellant’s petition to revoke probate, because the order is not appealable. We reverse the second order, which denied the appellant’s Florida Rule of Civil Procedure 1.540 motion to vacate a summary final judgment, because the order was entered upon the trial court’s mistaken belief that the appellant’s unsuccessful earlier effort to appeal the summary final judgment foreclosed the appellant’s right to present the rule 1.540 motion.
The mere granting of a motion to dismiss does not result in a final order or an appealable non-final order. See Benton v. Moore, 655 So.2d 1272 (Fla. 1st DCA 1995). Accordingly, the appeal from the order granting the motion to dismiss the petition to revoke probate is dismissed for lack of jurisdiction.
*1250 The unsuccessful earlier appeal of the summary final judgment was dismissed for lack of jurisdiction. Allen v. Estate of Hirshberg, 882 So.2d 387 (Fla. 1st DCA 2004). Contrary to the trial judge’s mis: taken belief, this appellate disposition did not limit the appellant’s right to thereafter present her rule 1.540 motion to vacate the summary final judgment. See Padovano, 2 Florida Practice:. Florida Appellate Practice § 15.4 (2005 ed.). Because the trial court’s denial of the rule 1.540 motion was based upon this mistaken belief, the order by which this motion was denied is reversed and this case is remanded to the trial court for further consideration of this motion.
ERVIN, ALLEN and POLSTON, JJ., concur.