PER CURIAM.
The State appeals from the dismissal of the charges against the defendant, Eddie Polk. The trial court dismissed the charges on the ground that the defendant was deprived of a constitutional speedy trial. We conclude that there was in fact no speedy trial violation, and so we reverse the dismissal.
On March 16, 2006, the defendant was arrested for possession of a controlled substance with intent to sell or deliver, and attempted sale or delivery of a controlled substance. The State filed an information charging the defendant with these crimes, and he entered a plea of not guilty. The trial was scheduled to begin a few months after the arraignment but it was delayed on several occasions. The delays were attributable to both parties.
The defendant filed a motion in August to continue the trial on the ground that he had not yet been able to coordinate a deposition of a police informant. Along with that motion, the defendant filed a motion to suppress statements made and evidence seized incident to his arrest. The hearing on the motion to suppress was continued several times for various reasons at the request of the state. Following this series of postponements, the motion to suppress was scheduled to be heard on January 16, 2007.
Six days before the hearing, the defendant moved to dismiss the charges, claiming that he had been unable to contact the informant. He argued that he had not yet received a response from the informant or been able to depose him, and that he believed the informant was an essential witness. He went on to assert that the State had likewise designated the informant an essential witness, in its September 2006 motion to continue the suppression hearing. He said he suspected that the informant was “camped out somewhere in Arizona,” but added that he did not know where he was.
The prosecutor advised the court that the State had in fact provided the defendant with the only known address it had for the informant the previous July. He further maintained that the informant was not necessary to the suppression hearing and therefore he urged the court to go forward with the hearing immediately. Addressing the prosecutor, the court then stated, “[WJe’ve been told that [the informant] is an essential witness. In other words, the State can’t go forward without him. But we haven’t been able to ever get him corralled up for any proceeding whatsoever. Are you telling me you have this person in hand?” Again the prosecutor told the court that it had provided the defendant with the Arizona address in its *583 file for the defendant. Defense counsel said, “And we attempted service, and there was no one there, but we have been advised that he’s living in some type of a rehab center.”
At that point, the court asked when the defendant had been arrested, and defense counsel replied that the arrest date was March 16, 2006. The defense advised the court that, had the informant appeared at the suppression hearing when it was originally scheduled in August of 2006, the defense had intended to depose him and go forward with the suppression hearing at that time. Defense counsel accused the State of having continued the suppression hearing “one, two, three more times,” on a “monthly” basis.
The record reflects that a number of different prosecutors were assigned to the case between the time the charges were filed and the date of the January 2007 suppression hearing. In fact, the prosecutor at the suppression hearing was making his first appearance in the case at that time. He was unfamiliar with the details of the State’s prior efforts to contact the informant.
Defense counsel then advised the court that one of the previous prosecutors had advised the court at a hearing in December 2006 that the deposition of the code-fendant allegedly exonerated the defendant and that it was the State’s intention, if it were unable to produce the confidential informant at the rescheduled suppression hearing in January, to drop the charges against the defendant.
At that point, the court stated, “Here’s what we’re going to do ... [TJhere is such a thing as constitutional speedy trial and basically, it’s just not fair to continue this case with a witness, an essential witness who cannot be located, despite the State’s best efforts, and therefore, an ore tenus motion for discharge is granted. Okay.” Defense counsel replied, “Thank you, Judge,” and the hearing immediately ended. The court subsequently issued a written order, dismissing the case “for the reasons stated in Court on January 16, 2007.” The State then filed a timely appeal from this order.
We have jurisdiction. Rule 9.140(c)(1)(A) of the Florida Rules of Appellate Procedure provides that an order dismissing an indictment or information is reviewable by appeal. See State v. Feagle, 604 So.2d 824 (Fla. 1st DCA 1991); State v. Moretti, 681 So.2d 754 (Fla. 2d DCA 1996).
The issue presented by the appeal pertains exclusively to the right to a speedy trial under the state and federal constitutions. The defendant does not contend that the delay in the prosecution violated his procedural right to a speedy trial under rule 3.191 of the Florida Rules of Criminal Procedure. The right he once had under the rule was waived in August 2006, when he moved to continue the trial. We must therefore limit our consideration to the constitutional issues.
Four factors are considered in determining whether a delay by the prosecution violates a defendant’s constitutional right to a speedy trial: the length of the delay, the reason for the delay, the defendant’s assertion of his right, and prejudice. See Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). These four factors are not exclusive, nor is any one of them dispositive; rather, all the factors should be balanced against each other. See Barker, 407 U.S. at 530, 92 S.Ct. 2182; Howell v. State, 418 So.2d 1164, 1171 (Fla. 1st DCA 1982).
The length of the delay is “to some extent a triggering mechanism,” in that it may create a presumption of prejudice. *584 See Barker at 530, 92 S.Ct. 2182 In that event, the court could find a violation of the constitutional right to a speedy trial on the basis of the delay alone, without consideration of the remaining factors. The time between the arrest and the dismissal in this case was ten months. It would be difficult to say that this delay is presumptively prejudicial. The time standards provide that a felony case “should” be resolved in six months. See Fla. R. Jud. Admin. 2.250. A total of ten months is not that far off, but this was a relatively simple case and it certainly should have been resolved much sooner. We need not decide the case on this factor, however, as none of the remaining factors support the defendant’s claim that the state violated his constitutional right to a speedy trial.
The second relevant inquiry is whether the reason for the delay was deliberate, negligent or justified. See U.S. v. Avalos, 541 F.2d 1100, 1111-14 (5th Cir. 1976). If the government deliberately delays the trial in order to hamper the defense, such a tactic “should be weighted heavily against the government.” Barker at 531, 92 S.Ct. 2182 This is not such a case. Here, the State had legitimate reason for the delay in bringing the defendant to trial. It filed its first motion to continue on September 7, 2006, on grounds that a number of law enforcement officers, whom the State considered essential witnesses, were unavailable to testify.
The remaining two continuances the State sought were not made in writing, and no transcript of the hearings containing the oral continuance motions in October and November appears in the record. The defendant claims the State’s reason for continuing on these occasions was that the confidential informant was missing and was an essential witness. There is nothing in the record to support the defendant’s claim that the unavailability of the informant was the reason the State moved to continue in October and November, and the prosecutor who attended the hearing in January of 2007 denied that the State ever considered the informant an essential witness. But even if it did consider him essential and moved to continue based on his unavailability, that was a legitimate reason to continue.
Moreover, the defendant himself moved for continuance twice, adding to the delay. He filed a motion to continue, along with his suppression motion, on August 18, 2006, three days before the trial was originally scheduled to begin. He moved to continue again on December 5, 2006, in order to attend a previously scheduled mediation. The defendant’s own contribution to the delay goes to the third Barker factor: the defendant’s assertion of his right.
The third factor requires the court to consider the defendant’s effort to protect his right to a speedy trial. The defendant’s argument falls particularly short on this factor. He did not assert his constitutional speedy trial right at any point during the ten months after his arrest. Nor did he raise it in his motion to dismiss. Indeed, the first to assert this right on the defendant’s behalf was the trial court, in dismissing the charges. By contrast, the defendant consistently maintained that the case should be dismissed because the informant was an essential witness and could not be deposed, so the State could not meet its evidentiary burden.
The fourth and final factor for determining whether a defendant was denied his constitutional right to speedy trial is prejudice to the defendant resulting from the delay. Prejudice is assessed in light of the interests the speedy trial right was designed to protect: to prevent oppressive pretrial incarceration, to minimize anxiety and concern of the accused, and to limit the possibility that the defense will be *585 impaired. See Barker at 532, 92 S.Ct. 2182; Avalos, 541 F.2d at 1115. Because the defendant never asserted his right to a speedy trial, we are left to speculate as to how he was prejudiced by the delay. This speculation yields little; the informant was a witness for the State, not the defense, so his unavailability would harm the State’s case more than that of the defendant.
On balance, the Barker factors weigh heavily against a finding that the defendant’s constitutional speedy trial right was infringed. Although the length of delay between arrest and dismissal was approximately ten months, the continuances at the State’s request were justified. Whether grounded in the unavailability of the law enforcement officers or of the out-of-state informant, the State’s motions to continue were based on perfectly legitimate reasons.
The defendant cannot credibly argue that the unavailability of the informant was not a valid justification for a continuance, given the fact that this was the basis for one of his own two motions to continue. The defendant never asserted his right to a speedy trial, and he was not discernibly prejudiced by the continuances. In sum, this was not a situation in which the prosecution delayed the trial as a means of “purposeful or oppressive frustration of the appellant’s defense.” Avalos, 541 F.2d at 1118.
For these reasons we conclude that the delay in the prosecution did not violate the defendant’s constitutional right to a speedy trial and that the trial judge erred in dismissing the charges.
Reversed and remanded.
BARFIELD, VAN NORTWICK, and PADOVANO, JJ., concur.