LAWSON, J.
The State appeals the trial court’s order granting James Randall Wilson’s motion to dismiss charges of attempting to solicit a minor for sexual activity using an electronic device or internet service, and traveling to meet a minor for unlawful sexual activity after first using an electronic device or internet service to attempt to solicit the minor.[1] Finding that the trial court erred in granting Wilson’s motion to dismiss, we reverse.
 Responding to an ad in the “personals” section of the internet site “Craig-slist,” Wilson began an email and text dialogue with a detective posing as the aunt of a thirteen-year-old girl purportedly being offered for sex. It is unnecessary to detail all of the exchanges between Wilson and the detective. In summary, the evidence reviewed in connection with Wilson’s motion to dismiss, when viewed in the light most favorable to the State,[2] demonstrated that Wilson used electronic communications to arrange what he believed would be a sexual encounter between himself and a thirteen-year-old female child. Law enforcement arrested Wilson after he traveled to the location at which he had agreed to meet the child. In granting the motion to dismiss, the trial court concluded that Wilson could not be convicted of either charge because his electronic communications were with a person he believed to be an aunt of the child, and not directly with the child. The trial court read the relevant statutes as only applying if an accused communicated directly with (and thereby directly solicited) the child for sex. Considering the matter de novo, see, e.g., State v. Brabson, 7 So.3d 1119, 1120-21 (Fla. 2d DCA 2008), we agree with the State that these statutes also apply when an accused attempts to solicit a child through an adult intermediary.
Section 847.0135(3)(a), Florida Statutes, provides that:
Any person who knowingly uses a computer online service, Internet service, local bulletin board service, or any other device capable of electronic data storage or transmission to:
(a) Seduce, solicit, lure, or entice, or attempt to seduce, solicit, lure, or entice, a child or another person believed by the person to be a child, to commit any illegal act described in chapter 794, chapter 800, or chapter 827, or to otherwise engage in any unlawful sexual eon- *948 duct with a child or with another person believed by the person to be a child ... commits a felony of the third degree
(Emphasis added). As highlighted above, this subsection criminalizes an “attempt” to “solicit, lure, or entice” a child (or person believed to be a child) for sex to the same degree as an actual solicitation of the child (or person believed to be a child).[3] With respect to the legal issue presented here, the relevant language in section 847.0135(4)(a), Florida Statutes, is identical to the language quoted above from section 847.0135(3)(a). Subsection (4)(a), however, further criminalizes (as a second-degree felony) the act of traveling to meet a child (or person believed to be a child) after “solicitpng], lur[ing] or entic[ing]” the child for sex using an electronic device or internet service, or attempting to do so. In this case, the State relies exclusively on the attempt language in the statute as its basis for challenging the dismissal of Wilson’s charges, arguing that even if Wilson did not solicit, lure or entice the child, he attempted to do so. We agree that the evidence, at a minimum, was sufficient to prove that Wilson attempted to solicit, lure or entice a person who Wilson believed to be a child by arranging to meet the “child” for sex.
In short, the statutes at issue criminalize an attempt to solicit to the same degree as a completed solicitation — and an attempt by definition does not require proof that the accused actually committed the act attempted. Morehead v. State, 556 So.2d 523, 524 (Fla. 5th DCA 1990) (stating that an “attempt” necessarily involves “a failure to accomplish the intent”). Courts construing an analogous federal statute have reached the same conclusion. See, e.g., United States v. Lee, 603 F.3d 904 (11th Cir.2010); United States v. Nestor, 574 F.3d 159 (3d Cir.2009); United States v. Homaday, 392 F.3d 1306 (11th Cir.2004); United States v. Murrell, 368 F.3d 1283 (11th Cir.2004); see also People v. Douglas, 296 P.3d 234 (Colo.App.2012) (reaching same conclusion when construing analogous Colorado statute). These analy-ses, like ours, amount to nothing more than application of the plain language of these similar statutes. Any other reading would render the attempt language in these statutes meaningless.
In reaching this conclusion, we are mindful that the legislature has also separately criminalized the solicitation of certain adult intermediaries for sex with a minor. See § 847.0135(3)(b), Fla. Stat. (2011) (criminalizing the use of an electronic device or internet service to “[s]olicit, lure, or entice, or attempt to solicit, lure, or entice a parent, legal guardian, or custodian of a child or a person believed to be a parent, legal guardian, or custodian of a child to consent to the participation of such child in any act described in chapter 794, chapter 800, or chapter 827, or to otherwise engage in any sexual conduct”); § 847.0135(4)(b), Fla. Stat. (2011) (criminalizing the act of traveling to meet a minor (or person believed to be a minor) for sexual activity after using an electronic device or internet service to “[s]olicit, lure, or entice, or attempt to solicit, lure, or entice a parent, legal guardian, or custodian of a child or a person believed to be a parent, legal guardian, or custodian of a child to consent to the participation of such child in any act described in chapter 794, chapter 800, or chapter 827, or to otherwise engage in any sexual conduct”). The fact that the legislature chose to directly criminalize conduct in one subsection of *949 the statute that could also constitute an unlawful attempt under another subsection of the same statute provides no basis for ignoring the plain language of either subsection. See, e.g., State v. Gonzalez, 121 So.3d 625 (Fla. 4th DCA 2013) (noting that prosecution has discretion to charge defendant under general crime even though more specific crime exists) (citing United, States v. Batchelder, 442 U.S. 114, 125, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979)).
Finding that the trial court erred in granting Wilson’s motion to dismiss, we reverse the trial court’s order and remand for further proceedings.
SAWAYA, J., concurs.
TOKPY, C.J., concurs specially, with opinion.
TORPY, C.J.,
concurring specially.
The trial court concluded that a “solicitation” must be direct with the person believed to be a child to constitute a crime. The majority does not address this precise issue because the State argued on appeal that the conduct here constituted an “attempted solicitation,” also prohibited by the statute. Had it been argued, I would have concluded that the evidence here was sufficient to establish a prima facie case of guilt that Appellant committed a “solicitation.” There is nothing in this statute that evinces a legislative intent to criminalize only a direct solicitation of a child (as contrasted with one that is indirect). “Solicit” simply means to ask. See Fla. Std. Jury Instr. (Crim.) 23.6 (“solicit” means to “ask earnestly”). When the solicitor asks, the crime is committed. The mere posting of a general solicitation on a “local bulletin board service,” for example, is a completed crime under this statute, irrespective of whether it is read by anyone. It follows that a solicitation can occur if, instead of placing the message with a bulletin board service, the request is communicated through another person, with the intent that the message reach the minor. This could be established in either of two circumstances: where the solicitor believes that the intermediary is acting as the agent for the child or where the solicitor intends for the intermediary to pass the message on to the child. Admittedly, the distinction is inconsequential here, because this statute addresses both solicitation and attempted solicitation.

. § 847.0135(3)(a), (4)(a), Fla. Stat. (2011). These subsections are part of Florida’s Computer Pornography and Child Exploitation Prevention Act, section 847.0135, Florida Statutes (2011).

. "When considering a defendant's rule 3.190(c)(4) motion to dismiss, all questions and inferences from the facts must be resolved in favor of the state.” Boler v. State, 678 So.2d 319, 323 (Fla. 1996) (citation omitted).

. In common parlance, “attempt” means "to make an effort to do, accomplish, solve or effect” something. See Meiriam-Webster’s Collegiate Dictionary 79 (11th ed. 2012).