PALMER, J.
The State of Florida appeals the order entered by the trial court granting the motion to dismiss the amended information filed by Lars Jiborn (defendant), which charged him with traveling to meet a minor for an unlawful sexual act and solicita *365 tion of a minor via computer.[1] We reverse.[2]
The charges against the defendant stemmed from email and text correspondence between the defendant and an undercover police officer, who the defendant believed to be the mother of a 14-year-old child. The trial court entered an order granting the defendant’s dismissal motion, concluding that the defendant could not violate these statutes without having direct communication with a child. In State v. Wilson, Case No. 18-387, 128 So.3d 946 (Fla. 5th DCA Dec. 27, 2013), we considered an essentially identical factual situation and reversed the trial court’s dismissal order. For the reasons articulated in Wilson, we reverse the instant order, and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED.
LAWSON and COHEN, JJ„ concur.

. See § 847.0135(3)(a),(4)(a), Fla. Stat. (2011).

. Appellate review is authorized pursuant to rule 9.140(c)(1)(A) of the Florida Rules of Appellate Procedure. See State v. Feagle, 604 So.2d 824 (Fla. 1st DCA 1991).