# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Nos. 1D2023-0358
1D2023-0839
1D2023-1518
(Consolidated for disposition)
_____

CURTIS GORHAM,

    Appellant,

    v.

DR. GARY H. LAVINE; DR. EMILY
D. BILLINGSLEY; KENDREA
VIRGIL, RN; LLOYD G. LOGUE;
DONNA BAIRD; JOSEPH R.
IMPICCICHE (CEO); JUNCO
EMERGENCY PHYSICIANS; BAY
COUNTY HEALTH SYSTEM, LLC;
DANIEL COUSIN; PAYPAL, INC.;
and STATE OF FLORIDA,

    Appellees.

_____

On appeal from the Circuit Court for Bay County.
Elijah Smiley, Judge.

November 29, 2023


PER CURIAM.

    We have consolidated these three appeals for disposition because they arise out of the same proceeding below. Appellant

filed suit primarily for medical malpractice against numerous healthcare providers and entities. In the same complaint, Appellant sued the expert witness he retained to furnish the statutorily required opinion that malpractice had occurred. The expert determined that there was no deviation from the medical standard of care and therefore that he could not give the requested opinion. Given that opinion, Appellant also sued PayPal for refusing to refund Appellant's payment to the expert. Appellant also sued the State of Florida for improperly enacting statutory requirements for malpractice suits. We address the three resulting appeals in the order in which they were filed.

**Case No. 1D2023–0358**.

Appellant challenges the order dismissing with prejudice all claims against the expert witness. This is a final and appealable order over which we have jurisdiction. On its merits, we affirm. To the limited extent we can derive a preserved legal argument from Appellant's filings, it appears he argues that this order is invalid because the trial court used Appellant's personal e-mail address in the order, rather than a separate e-mail address Appellant had provided for service. This argument is not supported by any legal authority, and it is meritless.

**Case No. 1D2023–0839**.

Appellant challenges four orders. One cancelled all pending hearings. This procedural order is not appealable, and we dismiss as to this order.

The second challenged order dismissed all claims against PayPal without prejudice. Such an order is not ripe for appeal. *See Hinote v. Ford Motor Co.*, 958 So. 2d 1009, 1010–11 (Fla. 1st DCA 2007) (explaining that a dismissal without prejudice is not appealable unless it is clear in the order that any further proceedings must be brought in a separate action). We dismiss as to this order as well.

The third order granted a motion to dismiss with prejudice claims against Bay County Health System, LLC. Because this order merely grants a motion and does not contain final language

2

actually dismissing the claims, it is not appealable. *See Johnson v. First City Bank of Gainesville*, 491 So. 2d 1217, 1218 (Fla. 1st DCA 1986) (explaining that an order granting a motion to dismiss with prejudice, but not actually dismissing the case, is not final and appealable); *see also* Fla. R. App. P. 9.110(*l*). We dismiss as to this order.

The fourth order dismissed with prejudice all claims against Drs. Billingsley and Logue. This order is final and appealable, and the notice of appeal was timely; therefore we have jurisdiction. We affirm on the merits.

It is undisputed that Appellant failed to comply with the medical malpractice presuit requirements, and that the time for doing so has long since passed, barring his action under the statute of limitations. He nevertheless appears to argue that he is exempt from these requirements under what he calls the "foreign body retainment" doctrine, since he "retained" radiation from his CT scan. There is no legal support for this absurd argument, which the trial court correctly rejected.

### Case No. 1D2023–1518.

Appellant attacks the same non-appealable scheduling order challenged in Case No. 2023-0839. Further, this notice of appeal was untimely. We therefore dismiss Case No. 2023-1518 without further discussion.

### Court Warning to Appellant.

Appellant's filings have been abusively numerous and fractured, utterly failing to state valid arguments in a concise and cogent manner. This is improper. *See F.M.W. Props., Inc. v. Peoples First Fin. Sav. & Loan Ass'n*, 606 So. 2d 372, 377–78 (Fla. 1st DCA 1992) ("We note, however, that the failure to organize arguments under cogent and distinct issues on appeal presents sufficient reason for an appellate court to decline consideration of a matter."). Appellant is warned that any further such filings will subject him to sanctions, including dismissal of all appeals without further opportunity to be heard, and potentially being barred from

3

appearing in this Court ever again unless represented by a lawyer in good standing with The Florida Bar.

Although Appellant has the procedural right to file a motion for rehearing or for rehearing en banc, in light of Appellant's history of abusive filings we direct that he must combine any such post-decision arguments in a single document. *See* Fla. R. App. P. 9.300(b). Any such motion may not merely repeat arguments already raised. Further, any such document shall not exceed 15 pages and must use an authorized font. All arguments presented must be substantively clear, concise, and organized, with citations to legal authority. Any other or additional filings not expressly authorized by the appellate rules, and any filing that does not comply with these requirements, will be stricken without further opportunity to be heard.

All pending motions are denied.

DISMISSED in part and AFFIRMED in part; WARNING issued.

KELSEY, M.K. THOMAS, and NORDBY, JJ., concur.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————

Curtis Gorham, pro se, Appellant.

Tara L. Said of Lloyd, Gray, Whitehead & Monroe, P.C., Pensacola, for Appellee Dr. Daniel Cousin; Joseph E. Brooks of Brooks Law, Tallahassee, for Appellee Junco Emergency Physicians; Erica Conklin Baines of Husch Blackwell LLP, Chicago, Illinois, for Appellee PayPal, Inc.; and Jacob M. Salow and E. Victoria Penny of Henry Buchanan, P.A., Tallahassee, for Appellees Dr. Emily Billingsley and Lloyd G. Logue, DO.