ORFINGER, Chief Judge.
The narrow issue presented by this appeal is whether an opinion and mandate of an appellate court, when filed in the trial court, constitutes record activity so as to preclude a dismissal of the action for lack of prosecution under Florida Rule of Civil Procedure 1.420(e) (1980).[1] The trial court dismissed the action, notwithstanding the filing in the trial court of the opinion and mandate of this court resulting from an earlier appeal within the one-year period immediately prior to the filing of the motion to dismiss. We reverse.
The filing of the opinion and mandate of this court following the earlier appeal from a non-final order constituted activity of record as defined by the rule. See Ortiz v. Biscayne Medical Center, Inc., 385 So.2d 1146 (Fla. 3d DCA 1980); Murphy White Dairy, Inc. v. Simmons, 405 So.2d 298 (Fla. 4th DCA 1981). It is an order of court which, if filed within the one-year period prior to the filing of the motion to dismiss, precludes dismissal under the rule for failure to prosecute.
The order dismissing the action is reversed and the cause is remanded for further proceedings.
REVERSED and REMANDED.
FRANK D. UPCHURCH, Jr., and SHARP, JJ., concur.

. Fla.R.Civ.P. 1.420(e):
Failure to Prosecute. All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court or otherwise has occurred for a period of one year shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a stipulation staying the action is approved by the court or a stay order has been filed or a party shows good cause in writing at least five days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than one year shall not be sufficient cause for dismissal for failure to prosecute.