891 So.2d 633 (2005)
Martin DRAGOMIRECKY, Petitioner,
v.
TOWN OF PONCE INLET, etc., Respondent.
No. 5D04-2799.
District Court of Appeal of Florida, Fifth District.
January 28, 2005.
Deborah J. Andrews, Ponte Vedra Beach, for Petitioner.
Theodore R. Doran, Michael G. Dyer and Audrie M. Harris of Doran, Wolfe, *634 Rost, Ansay, Kundid & Dyer, Daytona Beach for Respondent Town of Ponce Inlet.
No Appearance for Respondent Board of Adjustments and Appeals.
PALMER, J.
Martin Dragomirecky has filed a petition seeking certiorari review of a trial court's dismissal order. We grant the petition and quash the dismissal order.
Dragomirecky filed a petition seeking certiorari review by the trial court of the decision of the Town of Ponce Inlet Board of Adjustments and Appeals, which upheld the Town's notice to him of an unsafe building and order to vacate and demolish his house. While said certiorari proceeding was pending in the trial court, Dragomirecky filed a separate motion for preliminary injunction and an alternative motion for stay in the trial court in an effort to prevent the demolition of his house. These motions were denied by the trial court. Dragomirecky then filed a notice of appeal to this court seeking review of the trial court's order denying his motions. Said appeal was still pending in this court at the time the trial court entered an order dismissing Dragomirecky's certiorari petition.[1]
Dragomirecky claims that the trial court erred in dismissing his certiorari petition while his interlocutory appeal was pending in this court. We agree.
Florida Rule of Appellate Procedure 9.130(f) states the following:
Rule 9.130. Proceedings to review non-final order and specified final orders.

* * *
(f) Stay of Proceedings. In the absence of a stay, during the pendency of a review of a non-final order, the lower tribunal may proceed with all matters, including trial or final hearings; provided that the lower tribunal may not render a final order disposing of the cause pending such review.
The trial court's order denying Dragomirecky's motions for preliminary injunction and stay was a non-final order because it did not complete all judicial labor in the certiorari proceeding nor dispose of the petition for certiorari with finality. As such, pursuant to the law expressed in rule 9.130(f), the trial court lacked jurisdiction to enter the final order dismissing the certiorari petition with prejudice while the interlocutory appeal was pending in this court.
Although the Town of Ponce Inlet acknowledges the trial court's ruling as being erroneous, it claims that the error is harmless. However, an order entered without jurisdiction is a nullity, and cannot be considered harmless error. See Katz v. NME Hospitals, Inc., 791 So.2d 1127 (Fla. 4th DCA 2000) (holding that even though non-final appeal was ultimately dismissed, circuit court was without jurisdiction to enter final judgment while appeal was pending); Kessler v. City of Naples, 779 So.2d 378 (Fla. 2d DCA 2000) (holding that final order dismissing case while non-final appeal was pending was entered without jurisdiction and is a nullity); Sears Termite & Pest Control, Inc. v. Arnold, 743 So.2d 597 (Fla. 1st DCA 1999)(holding that trial court lacked jurisdiction to enter final judgment dismissing complaint against two defendants while non-final appeal of order denying temporary injunction was pending); *635 see also MML Dev. Corp. v. Eagle Nat'l Bank of Miami, 597 So.2d 968 (Fla. 5th DCA 1992).[2]
Accordingly, the trial court's order dismissing Dragomirecky's certiorari petition is quashed. We note that, on remand, the trial court is authorized to enter another dismissal order since Dragomirecky's interlocutory appeal has now been disposed of with finality by this court. See Esposito v. Horning, 416 So.2d 896 (Fla. 4th DCA 1982)(holding that although it may sound like "legal gobbledegook" to require a trial court to re-enter a final judgment after a non-final appeal is concluded, jurisdiction is not a question a court can take or leave, and a judgment entered without jurisdiction is void). However, we do not address the issue whether the trial court applied the correct law in dismissing the certiorari proceeding, as such an analysis would be premature.
Petition GRANTED; Order QUASHED; Case REMANDED.
THOMPSON and ORFINGER, JJ., concur.
NOTES
[1] The Fifth District Court of Appeal affirmed the order denying the motions for preliminary injunction and stay on September 17, 2004. See Dragomirecky v. Town of Ponce Inlet, 882 So.2d 495 (Fla. 5th DCA, 2004).
[2] Although all of the above-cited cases involved appeals, rule 9.130(f) also applies to certiorari proceeding.