GROSS, J.
The circuit court entered a final judgment of dissolution of marriage while two frivolous interlocutory appeals were pending, and before this court sua sponte dismissed the appeals. We reverse the final judgment because the circuit court did not have jurisdiction to render a final order disposing of the case.
This case is controlled by Florida Rule of Appellate Procedure 9.130(f), which provides:
In the absence of a stay, during the pendency of a review of a non-final order, the lower tribunal may proceed with all matters, including trial or final hearing; provided that the lower tribunal may not render a final order disposing of the cause pending such review.
Courts have interpreted this rule to mean that a trial court lacks the jurisdiction to render a final order while an appeal from a non-final order in the same case is pending and, if the trial court does so, the final order is a nullity. E.g., Dragomirecky v. Town of Ponce Inlet, 891 So.2d 633, 634 (Fla. 5th DCA 2005) (“[A]n order entered without jurisdiction is a nullity, and cannot be considered harmless error.” (citations omitted)); Connor Realty, Inc. v. Ocean Terrace N. Condo. Ass’n, 572 So.2d 4, 4 (Fla. 4th DCA 1990) (“[A] trial court may proceed in a cause pending a non-final appeal and dispose of any matter not in form or effect interfering with the power and authority of the appellate court to make its jurisdiction effective, but the trial court may do so only short of final disposition.” (emphasis in original) (citations omitted)).
As we wrote in Esposito v. Horning:
This may all sound like legal gobbledegook to some since, upon remand, the trial judge can be expected to re-enter a similar final judgment. We concede that may be true, but jurisdiction is not a question a court can take or leave, and a judgment entered without jurisdiction is void.
416 So.2d 896, 898 (Fla. 4th DCA 1982) (footnote omitted).
Hirschhorn v. Superior Realty of Florida, Inc., 450 So.2d 510 (Fla. 4th DCA *138 1984), illustrates the operation of Rule 9.130(f). There, this court reversed a final order that had been entered before a pending non-final appeal was dismissed. The trial court entered final judgment on May 10, 1988. Id. at 511. The non-final appeal was not dismissed until July 8, 1983. Id. Accordingly, the court “revers[ed] and remand[ed] this matter for further proceedings which may include reinstatement of the final judgment on a date subsequent to July 8,1983.” Id.
In the instant case, the trial court entered the final judgment on April 29, 2010. This court did not dismiss the non-final appeals until May 25, 2010, and November 18, 2010. As in Hirschhom, the trial court lacked the jurisdiction to enter the final judgment, since the non-final appeals were still pending.
We reverse the final judgment and remand the case to the circuit court. We note that, on remand, the trial court is authorized to re-enter the final judgment since the interlocutory appeals that prevented that court from disposing of the case have been resolved with finality.
MAY, C.J., and STEVENSON, J., concur.