PER CURIAM.
The circuit court entered a final judgment on pending post-judgment issues and an amended final money judgment during the pendency of an interlocutory appeal. The appellant has moved to determine appellate jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(f). We reverse the final judgments because the circuit court lacked jurisdiction to render *576 final orders while an appeal from a non-final order in the same case is pending.
Florida Rule of Appellate Procedure 9.130(f) is controlling and provides: “In the absence of a stay, during the pendency of a review of a non-final order, the lower tribunal may proceed with all matters, including trial or final hearing; provided that the lower tribunal may not render a final order disposing of the cause pending such review.” See also Garcia-Lawson v. Lawson, 82 So.3d 137, 137 (Fla. 4th DCA 2012) (“The circuit court entered a final judgment of dissolution of marriage while two frivolous interlocutory appeals were pending, and before this court sua sponte dismissed the appeals. We reverse the final judgment because the circuit court did not have jurisdiction to render a final order disposing of the case.”).
In case number 4D11-2442, appellant Benjamin Gottlieb[1] seeks review of the Order on Benjamin Gottlieb’s Second Amended Motion for Temporary Attorney’s Fees and Costs and Motion for Attorney’s Fees and Costs, and Former Husband’s Motion to Dismiss. Such an order is appealable under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iii), which provides that lower courts may review nonfinal orders that determine the “right to immediate monetary relief ... in family law matters.” Appellee contends that the order is a final order because the order fully disposed of the issue before the court-that of the entitlement of appellant Benjamin Gottlieb to an award of attorney’s fees. Although the order disposed of that issue, Benjamin Gottlieb remained a party defendant in the underlying suit and the court did not dispose of the entire cause as to Benjamin.
In the instant case, the circuit court entered the Final Judgment on Pending Post-Judgment Issues and the Amended Final Money Judgment, as well as an order on attorney’s fees. The non-final appeal, filed July 1, 2011, is still pending. Accordingly, the circuit court lacked the jurisdiction to enter the final judgments. See Garciar-Lawson; Fla. R.App. P. 9.130(f).
We reverse the Final Judgment on Pending Post-Judgment Issues, the Amended Final Money Judgment and the order on attorney’s fees. We remand the case to the circuit court. Our reversal is without prejudice to the circuit court reentering the same final judgments after the conclusion of the interlocutory appeal.

Reversed and remanded.

WARNER, POLEN and STEVENSON, JJ., concur.

. Benjamin Gottlieb is the parties’ son.