PER CURIAM.
In this consolidated appeal, Publix Supermarkets, Inc. (“Publix”) challenges three non-final orders and a final judgment confirming an arbitration award. Publix contends that the trial court erred in entering final judgment while an interlocutory appeal was pending in the case. We agree.
Florida Rule of Appellate Procedure 9.130(f) prohibits a lower tribunal from entering an order disposing of a case during the pendency of an interlocutory appeal:
In the absence of a stay, during the pendency of a review of a non-final order, the lower tribunal may proceed with all matters, including trial or final hearing, except that the lower tribunal may not render a final order disposing of the cause pending such review absent leave of the court.
(Emphasis added.) Final judgments and subsequent orders entered during the pen-dency of an interlocutory appeal are entered without jurisdiction and are “a nullity.” Connor Realty, Inc. v. Ocean Terrace N. Condo. Ass’n, 572 So.2d 4, 4 (Fla. 4th DCA 1990); see also McKenna v. Camino Real Vill. Ass’n, 8 So.3d 1172, 1175 (Fla. 4th DCA 2009).
Because the final judgment here was entered while an interlocutory appeal was pending before us, the final judgment was entered without jurisdiction and must be reversed. However, as noted by the *1267 appellee, the interlocutory appeal has been consolidated with the instant appeal and the non-final orders were reviewed simultaneously with the final judgment.
We respectfully find no merit in the issues raised by Publix pertaining to the non-final orders. Accordingly, we reverse without prejudice to the reinstatement of the final judgment.

Reversed and remanded.

CIKLIN, C.J., and FORST, J., concur.
KLINGENSMITH, J., concurs specially with opinion.