# Third District Court of Appeal

## State of Florida

Opinion filed September 20, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1927
Lower Tribunal No. 14-6370
_____

**Nationstar Mortgage, LLC,**
Appellant,

vs.

**Vincent Diaz, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Jose M. Rodriguez, Judge.

Robertson, Anschutz & Schneid, PL, and Robert R. Edwards, David Rosenberg, and Jarrett Cooper (Boca Raton), for appellant.

Carrera & Amador, P.A., and Juan M. Carrera, for appellee AG 07 Investments, LLC.

Before ROTHENBERG, C.J., and SALTER and LINDSEY, JJ.

ROTHENBERG, C.J.

Nationstar Mortgage, LLC appeals from an order denying its amended motion to vacate the final judgment of foreclosure as void pursuant to Florida Rule of Civil Procedure 1.540(b)(4) and/or motion for an evidentiary hearing on its prior motion to vacate pursuant to rule 1.540(b)(1). Because the final judgment of foreclosure is not "void," we affirm.[1]

## FACTS

Nationstar filed a foreclosure action against Vincent Diaz ("Vincent"), who executed both the mortgage and note, and Deisel Diaz ("Deisel"), who executed the mortgage. The initial and amended complaints alleged that the amount of principal due and owing on the note was $428,128.73, but the complaints did not reference nor plead as due and owing the amount of $319,496.36, based on a streamline modification of the note and/or mortgage.

On August 10, 2015, Deisel filed an unsworn and unverified answer and affirmative defenses to the amended complaint. Vincent, however, did not defend the foreclosure action in any respect.

The following day, August 11, 2015, Nationstar filed a motion for an order to show cause to be issued for the entry of a final judgment of foreclosure pursuant to section 702.10(1), Florida Statutes (2015), which sets forth a procedure to

---

[1] Finding no abuse of discretion, we affirm the denial of the motion for an evidentiary hearing on prior motion to vacate pursuant to rule 1.540(b)(1) without further discussion.

expedite foreclosure cases that are not being materially defended. The proposed final judgment attached to the motion for the order to show cause provided that the amount due and owing under the note was $428,128.73, but does not reference a streamline modification of that amount, or that Nationstar was due an additional $319,496.36. Therefore, the final judgment of foreclosure was consistent with Nationstar's initial and amended complaints. Thereafter, the trial court issued the order to show cause, attaching Nationstar's proposed final judgment, and setting a hearing for October 7, 2015.

On August 25, 2015, prior to the defendants being served with the order to show cause, the trial court entered the final judgment of foreclosure attached to the order to show cause. The parties did not move for rehearing or appeal the final judgment of foreclosure. Instead, Nationstar moved to cancel the scheduled hearing on the order to show cause, asserting that a final judgment of foreclosure had been entered and that the parties would not be prejudiced by the cancellation of the hearing.

A day prior to the scheduled October 7th hearing on the order to show cause, Nationstar filed a motion to amend the final judgment of foreclosure nunc pro tunc by interlineation pursuant to rule 1.540(a) ("motion to amend"), asserting that when preparing for the foreclosure sale, it discovered that the final judgment

mistakenly omitted the $319,496.36 streamline modification, and therefore, the total amount due and owing to Nationstar was actually $834,010.90.

As the trial court had not ruled on the motion to cancel the hearing on the order to show cause, the parties appeared at the scheduled October 7th hearing. However, the trial court did not hear argument relating to the order to show cause because Deisel's counsel informed the trial court that his client had conceded and consented to the final judgment of foreclosure and did not oppose the entry of the final judgment.

Nationstar withdrew its motion to amend the final judgment on October 21, 2015, and on that same day, Nationstar filed a motion to vacate the final judgment of foreclosure pursuant to rule 1.540(b)(1) based on mistake, inadvertence, or excusable neglect, asserting that, after the trial court entered the final judgment, Nationstar discovered it had not included the streamline mortgage in the final judgment executed by the trial court. In December 2015, following a non-evidentiary hearing, the trial court denied the motion to vacate. Nationstar did not file a motion for rehearing or appeal the denial of its rule 1.540(b)(1) motion to vacate.

Nationstar's attempt to vacate the final judgment of foreclosure continued. In December 2015, Nationstar filed another motion to vacate the final judgment, but this time, the motion claimed that the final judgment was void pursuant to

4

Florida Rule of Civil Procedure 1.540(b)(4), and requested an evidentiary hearing on its prior motion to vacate filed pursuant to rule 1.540(b)(1), which had been previously denied by the trial court. Although Nationstar's second motion to vacate the final judgment was still pending, Nationstar did not seek a stay of the foreclosure sale, and the foreclosed property was sold at a foreclosure sale to AG 07 Investments, LLC, for $533,900. AG 07 Investments is not affiliated with the foreclosing lender or foreclosed owner, and at the time of the foreclosure sale, there was no lis pendens filed in the official records regarding Nationstar's rule 1.540(b)(4) motion to vacate.

Nationstar's rule 1.540(b)(4) motion to vacate arguments were premised not on a violation of Nationstar's rights, but rather upon alleged violations of the **defendants'** rights. For example, Nationstar argued that the trial court lacked authority to enter the final judgment of foreclosure pursuant to section 702.10 because an answer and affirmative defenses had been filed, and that the **defendants'** (as opposed to Nationstar's) due process rights were denied because the final judgment of foreclosure was entered prior to the scheduled October 7th hearing on the order to show cause. Thus, Nationstar argued that the final judgment was void. Nationstar's counsel, however, acknowledged at the October 7, 2015 hearing, that Deisel's counsel had informed the trial court that Deisel had consented to, conceded to, and did not oppose the entry of the final judgment, and

5

that Deisel was now also consenting to the entry of the amended final judgment and did not oppose Nationstar's rule 1.540(b)(4) motion to vacate. The trial court continued the hearing to June 24, 2016.

Prior to the continued hearing, Nationstar filed an amended motion to vacate the judgment as void pursuant to rule 1.540(b)(4) and/or a motion for an evidentiary hearing on its prior motion to vacate pursuant to rule 1.540(b)(1) ("amended rule 1.540(b)(4) motion to vacate"), asserting that AG 07 Investments was opposing the amended rule 1.540(b)(4) motion to vacate. Nationstar argued that any party affected by a void judgment could challenge the void judgment; Nationstar has an interest in vacating the allegedly void final judgment; and Nationstar discovered that it mistakenly did not include the streamline modification in the final judgment when preparing for the order to show cause hearing.

At the June 24, 2016 hearing on the amended rule 1.540(b)(4) motion to vacate, the trial court noted that the **defendants** were not claiming a due process violation, and that Nationstar waived its due process rights by submitting the proposed final judgment with the order to show cause. The trial court denied Nationstar's amended rule 1.540(b)(4) motion to vacate and/or motion for an evidentiary hearing. Nationstar's appeal followed.

## ANALYSIS

6

Nationstar contends that the final judgment of foreclosure is void because it was entered without notice and an opportunity to be heard, and therefore, the parties', including Nationstar's, due process rights were violated. As such, the trial court erred, as a matter of law, by denying Nationstar's amended rule 1.540(b)(4) motion to vacate. Based on the facts of this case, we conclude that the parties' due process rights were not violated, and therefore, the trial court did not err by denying Nationstar's amended rule 1.540(b)(4) motion to vacate as the final judgment was not void.

A trial court's ruling on a rule 1.540(b) motion for relief from judgment is usually reviewed on appeal for an abuse of discretion. See Epstein v. Bank of Am., 162 So. 3d 159, 161 (Fla. 4th DCA 2015). However, "[a] decision whether or not to vacate a void judgment is not within the ambit of a trial court's discretion; if a judgment previously entered is void, the trial court must vacate the judgment." Wiggins v. Tigrent, Inc., 147 So. 3d 76, 81 (Fla. 2d DCA 2014); see also Horton v. Rodriguez Espaillat y Asociados, 926 So. 2d 436, 437 (Fla. 3d DCA 2006) (holding that the trial court must vacate a void judgment). As a trial court's ruling on whether a judgment is void presents a question of law, an appellate court reviews the trial court's ruling de novo. See Vercosa v. Fields, 174 So. 3d 550, 552 (Fla. 4th DCA 2015) ("Whether a judgment is void is a question of law reviewed de novo.").

"A void judgment is so defective that it is deemed never to have had legal force and effect." Sterling Factors Corp. v. U.S. Bank Nat'l Ass'n, 968 So. 2d 658, 665 (Fla. 2d DCA 2007). Generally, a judgment is void if: (1) the trial court lacks subject matter jurisdiction; (2) the trial court lacks personal jurisdiction over the party; or (3) if, in the proceedings leading up to the judgment, there is a violation of the due process guarantee of notice and an opportunity to be heard. Tannenbaum v. Shea, 133 So. 3d 1056, 1061 (Fla. 4th DCA 2014).

In the instant case, Nationstar argues that the parties', including its own, due process guarantees of notice and an opportunity to be heard were violated because the trial court entered the final judgment of foreclosure prior to the defendants being served with the order to show cause and prior to a hearing on the order to show cause. In making this argument, Nationstar, however, ignores that, after the final judgment was entered, Deisel's counsel informed the trial court that Deisel consented to and did not oppose the entry of the final judgment; Vincent never defended the foreclosure action in any manner; the final judgment entered by the trial court was the exact final judgment proposed by Nationstar; and the final judgment was consistent with Nationstar's amended complaint because the amended complaint only asserted that the amount due and owing on the note was $428,128.73 and did not in any respect reference the streamline modification or that Nationstar was also due an additional $319,496.36.    Under these

circumstances, we conclude that the trial court properly denied Nationstar's amended rule 1.540(b)(4) motion to vacate the judgment as void. Accordingly, we affirm the order under review.

Although we have concluded that the final judgment of foreclosure is not void, we nonetheless address section 702.036, Florida Statutes (2016), titled "Finality of mortgage foreclosure judgment," which protects a purchaser of foreclosed property under certain circumstances and in a limited manner, when a party challenges the validity of a final judgment of foreclosure of a mortgage. Specifically, section 702.036(1)(a) provides:

> (1)(a) In any action or proceeding in which a party seeks to set aside, invalidate, or challenge the validity of a final judgment of foreclosure of a mortgage . . . , the court shall treat such request solely as a claim for monetary damages and may not grant relief that adversely affects the quality or character of the title to the property, if:
> 1. The party seeking relief from the final judgment of foreclosure of the mortgage was properly served in the foreclosure lawsuit as provided in chapter 48 or chapter 49.
> 2. The final judgment of foreclosure of the mortgage was entered as to the property.
> 3. All applicable appeals periods have run as to the final judgment of foreclosure of the mortgage with no appeals having been taken or any appeals having been finally resolved.
> 4. The property has been acquired for value, by a person not affiliated with the foreclosing lender or the foreclosed owner, at a time in which no lis pendens regarding the suit to set aside, invalidate, or challenge the foreclosure appears in the official records of the county where the property was located.

In the instant case, it is undisputed that all parties were properly served, the final judgment of foreclosure was entered as to the property, all applicable appeal

9

periods have run, no appeals were taken, and the property was acquired for value by a person not affiliated with the foreclosing lender or the foreclosed owner. Therefore, under the circumstances, the trial court, at best, could have treated Nationstar's request to vacate the final judgment of foreclosure as a claim for monetary relief.

Affirmed.