# Third District Court of Appeal

## State of Florida

Opinion filed December 19, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-100
Lower Tribunal No. 13-27684

_____

**Giuliana Llanso,**
Appellant,

vs.

**Jose Gomez de Cordova,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Law Offices of Paul Morris, P.A., and Paul Morris, for appellant.

Marks & West, and Carolyn W. West; Valdespino & Associates, P.A., and Jacqueline M. Valdespino, for appellee.

Before LAGOA, SCALES, and LINDSEY, JJ.

LAGOA, J.

Giuliana Llanso, the former wife ("Llanso"), appeals from the trial court's

order granting Jose Gomez de Cordova's, the former husband ("Cordova"), motion

to strike/dismiss Llanso's motion to vacate the final judgment of dissolution of marriage (the "Final Judgment") as void. On appeal, Llanso argues that the Final Judgment, as well as orders entered subsequent to the Final Judgment, are void under Florida Rule of Civil Procedure 1.540(b)(4), as the Final Judgment was entered while an interlocutory appeal in the case was pending before this Court. We reverse the entry of Final Judgment and subsequent orders entered by the trial court, as the trial court lacked jurisdiction to render a final order disposing of the case while an appeal was pending before this Court.

## I.    STANDARD OF REVIEW

Generally, the standard of review for a trial court's ruling on a party's motion for relief from judgment made pursuant to Florida Rule of Civil Procedure 1.540(b) is an abuse of discretion. Nationstar Mortg., LLC v. Diaz, 227 So. 3d 726, 729 (Fla. 3d DCA 2017). "However, '[a] decision whether or not to vacate a void judgment is not within the ambit of a trial court's discretion; if a judgment previously entered is void, the trial court must vacate the judgment.'" Id. (alteration in original) (quoting Wiggins v. Tigrent, Inc., 147 So. 3d 76, 81 (Fla. 2d DCA 2014)). Therefore, we review de novo a trial court's ruling on whether a judgment is void. Id.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

2

Of significance to this appeal, on August 14, 2015, Llanso appealed both the trial court's order denying her Motion for Interim Partial Distribution of Marital Assets, or in the Lesser Alternative for Temporary Attorney's Fees, Suit Money, and Costs, and the trial court's order granting Cordova's Motion to Compel Sale of Real Property. On November 13, 2015, while this interlocutory appeal was still pending before this Court in case number 3D15-1894, the parties announced to the trial court that they had reached a marital settlement agreement and read into the record the detailed terms of that agreement. The parties further addressed the appeal in case number 3D15-1894 before this Court, specifically advising the trial court that:

> [CORDOVA'S COUNSEL]: . . . There is currently a pending appeal which will be -- I will advise the 3rd DCA. My brief is due on the 16th. I will advise the 3rd DCA that the parties have reached a settlement. Therefore, the appeal that is taken will now be moot.
> . . . .
> [LLANSO'S COUNSEL]: It was a -- formally, we advise them it was settled. Therefore, it is moot.

On December 4, 2015, the trial court entered the Final Judgment, which incorporated and attached the November 13, 2015, marital settlement agreement. The parties, however, did not notify this Court prior to the trial court's entry of the final judgment on December 4, 2015, that the appeal was moot and should be dismissed. Instead, on December 9, 2015, five days after the entry of Final

Judgment, Llanso filed a notice of voluntary dismissal of the interlocutory appeal, which this Court granted on the same date.

Subsequent to the entry of the Final Judgment, Llanso performed pursuant to the terms of the marital settlement agreement by selling the former marital home. The marital settlement agreement also provided that each party was responsible for his or her own attorney's fees and accountant fees. In addition, the trial court entered several subsequent orders stemming from the marital settlement agreement and the Final Judgment that involved liens against Llanso by two law firms formerly representing Llanso and Llanso's former financial accounting firm. On November 20, 2017, Llanso moved to vacate the Final Judgment pursuant to Florida Rule of Civil Procedure 1.540(b)(4), contending that the Final Judgment was void and a nullity because, pursuant to Florida Rule of Appellate Procedure 9.130(f), the trial court lacked subject matter jurisdiction to enter the Final Judgment during the pendency of a non-final appeal. Llanso further contended that any orders entered after the entry of the Final Judgment were void as well and had no legal force or effect. Cordova moved to strike/dismiss the motion to vacate and following a hearing, the trial court granted Cordova's motion. This timely appeal ensued.

III.   ANALYSIS

Florida Rule of Appellate Procedure 9.130(f)[1] prohibits a trial court "from entering an order disposing of a case during the pendency of an interlocutory appeal." Publix Supermarkets, Inc. v. Conte, 169 So. 3d 1265, 1266 (Fla. 4th DCA 2015. Indeed, "an order entered without jurisdiction is a nullity, and cannot be considered harmless error." Dragomirecky v. Town of Ponce Inlet, 891 So. 2d 633, 634 (Fla. 5th DCA 2005); see also Napoleonic Soc. of Am., Inc. v. Snibbe, 696 So. 2d 1243, 1243 (Fla. 2d DCA 1997) (finding that final judgment entered during pendency of appellate review of a non-final order was a nullity); Capetta v. Fields, 683 So. 2d 543, 544 (Fla 3d DCA 1996). Because the trial court entered a final judgment disposing of this case before this Court dismissed the interlocutory appeal, the trial court lacked jurisdiction to enter the Final Judgment and the subsequent orders stemming from the Final Judgment, and reversal is warranted.

We are, however, sympathetic to the trial court's frustration with trial counsel. "When a pending appeal becomes moot by reason of a settlement, rule 9.350(a) requires counsel to notify the appellate court immediately by filing a signed stipulation for dismissal of the appeal." Merkle v. Guardianship of Jacoby,

---

[1] Rule 9.130(f) provides:

> In the absence of a stay, during the pendency of a review of a non-final order, the lower tribunal may proceed with all matters, including trial or final hearing, except that the lower tribunal may not render a final order disposing of the cause pending such review absent leave of the court.

912 So. 2d 595, 600 (Fla. 2d DCA 2005). There is no explanation in the record as to why neither counsel for Llanso nor for Cordova immediately notified this Court of the settlement. The record is also devoid of any explanation as to why neither counsel advised the trial court that the appeal had not yet been dismissed prior to the entry of final judgment.

As our sister court has explained:

> This may all sound like legal gobbledegook to some since, upon remand, the trial court can be expected to re-enter a similar final judgment. We concede that may be true, but jurisdiction is not a question a court can take or leave, and a judgment entered without jurisdiction is void.

Garcia-Lawson v. Lawson, 82 So. 3d 137, 137 (Fla. 4th DCA 2012) (quoting Esposito v. Horning, 416 So. 2d 896, 898 (Fla 4th DCA 1982)).[2]

Accordingly, we reverse the Final Judgment and subsequent orders and remand for further proceedings. Our reversal, however, is without prejudice to the trial court's re-entry of a similar final judgment and subsequent orders as the interlocutory appeal has been dismissed. See Connor Realty, Inc. v. Ocean Terrace N. Condo. Ass'n, 572 So. 2d 4, 4 (Fla. 4th DCA 1990) (reversing the trial court for entering final judgment while an appeal from a non-final order was pending and remanding for further proceedings including reinstatement of final judgment

---

[2] Indeed, at oral argument, counsel for Llanso conceded that nothing would prevent the trial court from re-entering a similar final judgment.

on a date subsequent to dismissal of appeal); <u>Hirschhorn v. Superior Realty of Fla.,</u>

<u>Inc.</u>, 450 So. 2d 510, 511 (Fla. 4th DCA 1984) (same).

Reversed and remanded for further proceedings.