# Third District Court of Appeal

## State of Florida

Opinion filed May 15, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1319
Lower Tribunal No. 07-25443
_____

## Felicio Abreu, et al.,
Appellants,

vs.

## Aurora Loan Services, LLC, et al.,
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Maria de Jesus Santovenia, Judge.

Legal Save, and Jeffrey H. Papell; Enrique Nieves, P.A., and Enrique Nieves III (West Palm Beach), for appellants.

Troutman Pepper Hamilton Sanders LLP, and Alec P. Hayes (Atlanta, GA), for appellee U.S. Bank, N.A.

Before LOGUE, C.J., and LINDSEY and GORDO, JJ.

LOGUE, C.J.

Felicio and Yovana Abreu appeal the trial court's decision vacating an order of a prior judge enforcing a settlement agreement.[1] The trial court held that at the time the prior judge entered the order, the trial court had lost jurisdiction. Finding the trial court had jurisdiction to enforce the settlement agreement, we reverse.

## **BACKGROUND**

U.S. Bank National Association's predecessor in interest filed a residential foreclosure action against the Abreus, the Borrowers, in 2007. The parties thereafter entered into a settlement agreement in which the Bank would provide the loan documents modifying the loan to the Borrowers by a certain date and the Borrowers would make their first payment under the modification by a certain date thereafter. On January 11, 2012, the trial court entered an agreed order approving the settlement agreement and dismissing the action. The order "approved and ratified" the settlement agreement and retained jurisdiction to enforce the terms of the settlement agreement. The Bank never provided the modified loan documents, and the Borrowers never made payments under the proposed modified loan.

---

[1] The Bank's motion to vacate was brought pursuant to Florida Rule of Civil Procedure 1.540(b)(4). This Court has jurisdiction to review the order on appeal pursuant to Florida Rule of Appellate Procedure 9.130(a)(5).

2

In 2014, the Bank filed a second foreclosure action against the Borrowers. As a result of this filing, the Borrowers moved to reopen the 2007 foreclosure action and to enforce the terms of the settlement agreement. They argued the Bank's failure to provide the modified loan documents as required by the settlement agreement prevented them from making the payments under the modification.

On March 23, 2017, the trial court entered an order reopening the 2007 foreclosure action and granting the Borrowers' motion to enforce the settlement agreement. The trial court ordered the Bank to provide the modified loan documents, and tolled the time for the Borrowers' first payment, as well as other date-related terms of the loan modification. The Bank objected to this tolling, which essentially pushed back all the relevant dates, including the date of the first payment, by several years. But it never appealed this order.

Three years later, the Bank filed a motion to vacate pursuant to Florida Rule of Civil Procedure 1.540(b)(4), challenging the 2017 order enforcing the settlement agreement. The Bank argued the enforcement order should be vacated as void because the trial court exceeded its jurisdiction by changing the terms of the agreement. The Bank also argued that the Borrowers' efforts to enforce the settlement agreement were untimely when brought in 2017

3

because they exceeded the five-year statute of limitations for filing a claim based on the breach of a written contract.

On May 25, 2023, a successor judge issued an order vacating the enforcement order on the basis that it was void because the trial court had lacked jurisdiction to enter it. The successor judge concluded the trial court's enforcement order improperly rewrote the settlement agreement and the statute of limitations had run. The Borrowers timely filed this appeal.

## ANALYSIS

It is often said that "the standard of review of an order on a rule 1.540(b) motion for relief from judgment is whether there has been an abuse of the trial court's discretion." Rinconcito Latino Cafeteria, Inc. v. Ocampos, 276 So. 3d 525, 527 (Fla. 3d DCA 2019) (quoting Tikhomirov v. Bank of N.Y. Mellon, 223 So. 3d 1112, 1116 (Fla. 3d DCA 2017)). "Whether an order is void, though, is a question of law that we review de novo." Sanchez v. Sanchez, 285 So. 3d 969, 972 n.4 (Fla. 3d DCA 2019) (citing Llanso v. Gomez de Cordova, 263 So. 3d 137, 139 (Fla. 3d DCA 2018)).

While the Borrowers raise several arguments on appeal, at its essence, this appeal presents only one issue—whether the successor judge properly concluded that the prior judge's order enforcing the settlement agreement was void because the trial court lacked jurisdiction to enter it.

The trial court had subject matter jurisdiction over the underlying foreclosure case. Paulucci v. Gen. Dynamics Corp., 842 So. 2d 797, 801 n.3 (Fla. 2003) ("Subject matter jurisdiction 'means no more than the power lawfully existing to hear and determine a cause.' It 'concerns the power of the trial court to deal with a class of cases to which a particular case belongs.'" (internal citations omitted)). It also had continuing jurisdiction to enforce the settlement agreement. Id.

Even if the prior judge's interpretation of the settlement agreement was error, simple legal error did not deprive the trial court of jurisdiction to enter the order. The vehicles for the Bank to challenge such purported error were rehearing or timely appeal, not a motion to vacate under rule 1.540 filed years later. Balmoral Condo. Ass'n v. Grimaldi, 107 So. 3d 1149, 1152 (Fla. 3d DCA 2013) (holding "the contention that the order was simply wrong as a matter of law on the merits is not one of the enumerated grounds for relief under rule 1.540"). In addition, the statute of limitations of a contract action does not begin to run until a party breaches the contract. The relevant breach here was not the Bank's 2012 failure to provide the new loan documents, but the Bank's 2014 filing of a new foreclosure action after it had agreed to provide new loan documents but failed to do so.

In these circumstances, the trial court had jurisdiction to enter the enforcement order. <u>Curbelo v. Ullman</u>, 571 So. 2d 443, 445 (Fla. 1990) ("It is well settled that where a court is legally organized and has jurisdiction of the subject matter and the adverse parties are given an opportunity to be heard, then errors, irregularities or wrongdoing in proceedings, short of illegal deprivation of opportunity to be heard, will not render the judgment void.").

Reversed.