# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-0149
LT Case No. 2017-CA-002256

_____

DANIEL K. BORDERS,

    Appellant,

    v.

GLENN HARRIS and JPMORGAN
CHASE BANK, NATIONAL
ASSOCIATION,

    Appellees.

_____

Nonfinal appeal from the Circuit Court for Seminole County.
Michael J. Rudisill, Judge.

Shaun Keough, of Keough Law, PLLC, Orlando, for Appellant.

Gary S. Israel, of Gary Israel, P.A., Orlando, for Appellees.

December 6, 2024

WALLIS, J.

Daniel K. Borders (Appellant) appeals the Final Judgment on Garnishment, which ordered JPMorgan Chase Bank, N.A. (Bank) to release to Glenn Harris (Appellee), sums held pursuant to a writ of garnishment. We find that the Final Judgment is void because the lower court lacked jurisdiction to enter it while an

appeal directed at the order denying the motion to dissolve the writ of garnishment was pending in our Court.

In June 2018, the trial court issued a final judgment for damages against Appellant and in favor of Appellee. In September 2023, Appellee filed a motion for writ of garnishment, requesting that the trial court issue a writ of garnishment against Bank for sums held by Bank in Appellant's name. That same day, the trial court issued the writ of garnishment.

Appellant filed a motion to dissolve the writ of garnishment in October 2023. In November 2023, the trial court entered an order denying Appellant's motion to dissolve the writ of garnishment. On December 13, 2023, Appellant filed a notice of appeal with this Court directed at the order denying the motion to dissolve. The appeal of the non-final order became case number 5D2023-3659.

On December 18, 2023, while the appeal in case number 5D2023-3659 was pending, the trial court entered the Final Judgment on Garnishment, ordering Bank to release to Appellee the sums held pursuant to the writ of garnishment plus any accrued interest. Appellant timely appealed the Final Judgment on Garnishment. While this appeal was pending, this Court entered a per curiam affirmance in case number 5D2023-3659.

Florida Rule of Appellate Procedure 9.130(f) controls the outcome of this case. It states that:

> In the absence of a stay, during the pendency of a review of a nonfinal order, the lower tribunal may proceed with all matters, including trial or final hearing, except that the lower tribunal may not render a final order disposing of the cause pending such review absent leave of the court.

"Courts have interpreted this rule to mean that a trial court lacks the jurisdiction to render a final order while an appeal from a non-final order in the same case is pending and, if the trial court does so, the final order is a nullity." *Garcia-Lawson v. Lawson*, 82 So. 3d 137, 137 (Fla. 4th DCA 2012); *see also Esposito v. Horning*, 416

So. 2d 896, 898 (Fla. 4th DCA 1982) (recognizing that order entered while court lacks jurisdiction is void). Thus, while a trial court has "jurisdiction to proceed with the case pending disposition of the non-final appeal, proceeding to final judgment and disposition of the cause" has the effect of usurping the district court's jurisdiction. *Esposito*, 416 So. 2d at 898.

Here, the Final Judgment on Garnishment was a final order because it disbursed the funds that were the subject of the writ of garnishment and, as a result, all judicial labor related to the garnishment proceedings terminated at that point. *See City of Gainesville v. Commc'ns Workers of Am., Local No. 3170*, 371 So. 3d 938, 940 (Fla. 1st DCA 2022) ("To determine whether an order is final, courts generally ask 'whether the order in question constitutes an end to the judicial labor in the cause, and nothing further remains to be done by the court to effectuate a termination of the cause as between the parties directly affected.'" (quoting *S.L.T. Warehouse Co. v. Webb*, 304 So. 2d 97, 99 (Fla. 1974))).

Given the timeline in this case, it is clear that the Final Judgment on Garnishment was entered while the appeal of the non-final order was pending with this Court. Therefore, under rule 9.130(f) the trial court was without jurisdiction to enter the Final Judgment on Garnishment. *See Garcia-Lawson*, 82 So. 3d at 138; *Llanso v. Gomez de Cordova*, 263 So. 3d 137, 140 (Fla. 3d DCA 2018) (concluding that trial court lacked jurisdiction to enter final judgment and subsequent orders stemming from final judgment because final judgment was entered before the appellate court dismissed the interlocutory appeal that was pending in the case); *Branch Banking & Tr. Co. v. ARK Dev./Oceanview, LLC*, 150 So. 3d 817, 822 (Fla. 4th DCA 2014) (noting that trial court was without jurisdiction to enter final judgment in case while non-final appeal of order dissolving writ of garnishment was pending in appellate court).

Therefore, we reverse the Final Judgment on Garnishment. However, because the non-final appeal of the order denying the motion to dissolve the writ of garnishment was affirmed in case number 5D2023-3659, our reversal is without prejudice for the trial court to reenter the Final Judgment when it has jurisdiction.

3

REVERSED and REMANDED with instructions.

JAY and KILBANE, JJ., concur.

––––––––––––––––––––––––––––

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

––––––––––––––––––––––––––––