# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

————————————————

Case No. 5D2025-1397
LT Case No. 16-2025-CC-1701

————————————————

STEVEN MCBRIDE,

    Appellant,

    v.

COURTNEY KELLER and
SAVANNAH YOUNG,

    Appellees.

————————————————

On appeal from the County Court for Duval County.
Kelly E. Eckley-Moulder, Judge.

Steven McBride, Jacksonville, pro se.

Joshua C. Webb and Jacob Z. Coates, of Hill, Ward & Henderson,
P.A., Tampa, for Appellees.

February 13, 2026

MACIVER, J.

    Appellant, Steven McBride, appeals an order dismissing with prejudice his complaint against Appellees, Courtney Keller and Savannah Young, claiming the trial court lacked jurisdiction to dismiss his complaint while an interlocutory appeal was pending. We agree.

McBride filed a complaint below against Appellees, and during the litigation McBride appealed two interlocutory non-final orders. While said appeal was pending, Appellees filed a motion to dismiss McBride's complaint with prejudice for failure to state a cause of action in the trial court. Then, McBride filed a motion to dismiss his appeal with this Court, with a copy to the trial court. This Court entered an order dismissing the then-pending appeal on May 7, 2025. The same day, the trial court entered a final order dismissing McBride's complaint with prejudice.

Florida Rule of Appellate Procedure 9.130(f) governs the trial court's authority during the pendency of an interlocutory appeal. Under the rule, "[i]n the absence of a stay, during the pendency of a review of a non-final order, the lower tribunal may proceed with all matters, including trial or final hearings; provided that the lower tribunal may not render a final order disposing of the cause pending such review." Fla. R. App. P. Rule 9.130(f).

The restoration of full jurisdiction to the lower tribunal requires issuance of the appellate mandate. Florida Rule of Appellate Procedure 9.340(a) provides that unless otherwise ordered by the court, the clerk must issue the mandate after the expiration of fifteen days from the date of an order or decision. Thus, a lower tribunal generally lacks jurisdiction to enter an order dismissing a complaint with prejudice on the same day an appellate court dismisses an appeal because the lower tribunal's jurisdiction is not automatically restored until the appellate mandate issues. *Hersey v. Batchelor*, 433 So. 2d 558, 559 (Fla. 5th DCA 1983) (the filing of the appellate court's opinion and mandate in the trial court constitutes record activity that restores the lower tribunal's jurisdiction); *see also Mandrachia v. Ravenswood Marine, Inc.*, 118 So. 2d 817, 821 (Fla. 2d DCA 1960) (when a plaintiff took an interlocutory appeal and the lower court subsequently entered a final judgment dismissing the complaint with prejudice, the authority of the lower court terminated on taking of the appeal and the dismissal with prejudice was unauthorized).

Thus, the trial court lacked jurisdiction to enter the final order dismissing the complaint with prejudice while the interlocutory appeal was pending in this court. "[A]n order entered without

jurisdiction is a nullity, and cannot be considered harmless error." *Llanso v. Gomez de Cordova*, 263 So. 3d 137, 140 (Fla. 3d DCA 2018) (quoting *Dragomirecky v. Town of Ponce Inlet*, 891 So. 2d 633 (Fla. 5th DCA 2005) (holding that "the trial court lacked jurisdiction to enter the final order dismissing the certiorari petition with prejudice while the interlocutory appeal was pending in this court." 891 So. 2d at 634)).

Accordingly, the trial court's order dismissing McBride's complaint with prejudice is vacated, and the case remanded. We note that, on remand, the trial court is authorized to enter another dismissal order since McBride's interlocutory appeal has now been disposed of with finality by this court. *See id.* at 635*; Esposito v. Horning*, 416 So. 2d 896, 898 (Fla. 4th DCA 1982) (holding that although it may sound like "legal gobbledegook" to require a trial court to re-enter a final judgment after a non-final appeal is concluded, jurisdiction is not a question a court can take or leave, and a judgment entered without jurisdiction is void). However, we do not address the issue whether the trial court applied the correct law in dismissing the complaint, as such an analysis would be premature. *See Dragomirecky*, 891 So. 2d at 635.

Order Dismissing Complaint with Prejudice VACATED and case REMANDED.

JAY, C.J., and LAMBERT, J., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

3